Argued and submitted October 7, 1992, affirmed January 6, reconsideration denied March 24, petition for review pending 1993

### Loy L. YOKUM,
*Appellant,*

*v.*

### FARMERS INSURANCE COMPANY OF OREGON,
*Respondent.*

(91CV-2219CC; CA A73671)

844 P2d 937

James A. Arneson, argued the cause for appellant. With him on the briefs was Arneson & Wales, Roseburg.

Jens Schmidt, Eugene, argued the cause for respondent. With him on the brief was Harrang, Long, Watkins, Arnold & Laird, P.C., Eugene.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

In this breach of contract action, plaintiff appeals from a summary judgment for defendant. We affirm.

Plaintiff incurred approximately $125,000 in damages in an automobile accident caused by State Farm Insurance Company's insured tortfeasor. At that time, the tortfeasor had liability insurance coverage of $50,000. Plaintiff had $100,000 of uninsured/underinsured motorist (UM/UIM) coverage and $100,000 of personal injury protection (PIP) coverage under a motor vehicle liability policy issued by defendant. Shortly after the accident, defendant paid plaintiff approximately $25,000 in PIP benefits. It then asserted a lien for that amount against any recovery plaintiff might receive from the tortfeasor. *See* ORS 742.536(2), (3). When plaintiff settled for the tortfeasor's policy limits, State Farm satisfied defendant's lien and paid $25,000 to plaintiff. Defendant then paid plaintiff $50,000 UIM benefits under the terms of its policy.

In his complaint, plaintiff alleged that defendant was obligated to provide him approximately $25,000 in additional UIM benefits. His theory is that his UIM and PIP coverages "stack," meaning that his UIM coverage is not reduced by any PIP benefits received from defendant. Because he only received $50,000 in UIM benefits, but still has more than $25,000 of unrecovered damages, plaintiff contends that defendant is obligated to provide UIM coverage for those damages. Defendant counters that it is not obligated to provide the additional UIM benefits, because it was entitled to reduce the UIM limits of the policy by the amount recovered from the tortfeasor.

ORS 742.502(2) and (3) permit motor vehicle liability insurers to provide insureds limits of UM coverage greater than the mandatory minimum required by ORS 806.070. To the extent that an insured's UM limit exceeds the amount of liability insurance recovered from the tortfeasor, that coverage is considered UIM coverage. ORS 742.502(2) provides, in part:

> "Underinsurance benefits shall be equal to uninsured motorist coverage benefits less the amount recovered from other automobile liability insurance policies."

In *American Economy Ins. Co. v. Canamore*, 114 Or App 348, 352, 834 P2d 542, *rev den* 314 Or 727 (1992), we found that language unambiguous. UIM limits are reduced dollar for dollar by the amounts recovered from the tortfeasor's insurer. The tortfeasor's insurer paid its $50,000 policy limits. Although defendant had a lien on a portion of that recovery, those funds were recovered from the tortfeasor's insurer. Consequently, only $50,000 of UIM benefits were available under the policy issued by defendant. Because defendant paid that amount, plaintiff was not entitled to any additional UIM benefits.

Plaintiff argues that allowing insurers to reduce UIM limits by the amount recovered from a tortfeasor's insurer, when part of that recovery is used to satisfy a lien for PIP payments, will defeat the plain language of ORS 742.542, which provides:

"Payment by a motor vehicle liability insurer of personal injury protection benefits for its own insured shall be applied in reduction of the amount of damages that the insured may be entitled to recover from the insurer under uninsured motorist coverage for the same accident *but may not be applied in reduction of the uninsured motorist coverage policy limits.*" (Emphasis supplied.)

We agree with plaintiff that, under ORS 742.542, UM limits cannot be reduced by the amount of PIP benefits defendant paid. However, defendant did not do that. Instead, it applied the express language of ORS 742.502(2) to calculate the *UIM limits* of the policy. That calculation is straightforward: UIM limits equal UM limits less the amount recovered from the tortfeasor's insurer. That calculation can be made without conflict with ORS 742.542, which is equally straight forward.[1] Any inconsistency between the benefits available for UM and UIM claimants is for the legislature to address.

---

[1] The provision of ORS 742.542 precluding insurers from reducing UM limits by the amount of PIP benefits paid was added in response to *Bauder v. Farmers Insurance Company*, 301 Or 715, 725 P2d 350 (1986), where the court held that an insurer could reduce UM limits by the amount of PIP benefits paid. The legislature intended the amendment to vitiate that decision. Tape Recording, House Judiciary Committee, June 1, 1987, Tape 692 at 224-440. The legislature was appraised that limiting its statutory revision to UM coverage only could result in inconsistencies between that coverage and UIM coverage. If plaintiff had been injured by an uninsured motorist, instead of by an underinsured motorist, he would have been entitled, under ORS 742.542, to stack his PIP and UM benefits, up to the amount of

Affirmed.

his damages. That is exactly what *Bauder* said could not be done. Consequently, the legislature succeeded in displacing that decision.