905 P.2d 640

**SUBLIMITY INSURANCE COMPANY,
a foreign insurance company,
Plaintiff–Appellant,**

v.

**Craig W. SHAW and Kiere Shaw,
husband and wife, Defendants–
Respondents.**

**No. 21874.**

Supreme Court of Idaho,
Coeur d'Alene, October 1995 Term.

Nov. 8, 1995.

Turner, Stoeve & Gagliardi, Spokane, Washington, and Dodson & Raeon, Coeur d'Alene, for appellant. Everett B. Coulter, Jr., Spokane, Washington, argued.

Winston & Cashatt, Spokane, Washington, and Stanley D. Moore, Coeur d'Alene, for respondents. Meriwether D. Williams, Spokane, Washington, argued.

JOHNSON, Justice.

This is an automobile insurance case concerning underinsured motorist (UIM) coverage. We conclude that the UIM coverage at issue in this case entitled the insurer to set off from the maximum liability limit the amount the insured received from the tortfeasor and the amount of medical payments the insurer paid the insured.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

While driving her car, Kiere Shaw (Shaw) was severely injured in an automobile accident with a vehicle operated by an underinsured driver (the underinsured motorist). Shaw received the $50,000 limit of the underinsured motorist's liability insurance policy.

Sublimity Insurance Company (Sublimity) insured Shaw under a policy (the policy) which provided $5,000 in medical payments for each person and UIM coverage of $100,000 for each person and $300,000 for each accident. Sublimity promptly paid Shaw $5,000 for her medical costs.

Shaw submitted a UIM claim to Sublimity for the maximum liability limit of $100,000 based on her damages in excess of $155,000 caused by the underinsured motorist. Sublimity paid Shaw $45,000 on this claim. This represented the $100,000 maximum UIM liability limit, less the $50,000 received from the underinsured motorist's insurance and the $5,000 Sublimity had paid for medical costs.

Sublimity sought a declaratory judgment determining that it had paid all it owed under the policy. Shaw and her spouse counterclaimed for the additional $55,000 they contend Sublimity owes them. On cross motions for summary judgment, the trial court ruled that the UIM coverage was ambiguous,

and ordered Sublimity to pay the Shaws the maximum UIM liability limit of $100,000. The trial court also awarded the Shaws attorney fees and costs pursuant to I.C. § 41–1839 (1991). Sublimity appealed.

## II.

### THE UIM COVERAGE DOES NOT REQUIRE SUBLIMITY TO PAY SHAW MORE THAN THE AMOUNT IT HAS ALREADY PAID.

Sublimity asserts that the UIM coverage does not require it to pay more than the amount it has already paid Shaw. We agree.

The policy's UIM coverage contains the following clauses:

LIMIT OF LIABILITY

A. The limit of liability shown in the Schedule for this coverage is our maximum limit of liability for all damages resulting from any one accident. This is the most we will pay regardless of the number of:

1. "Insureds;"

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

*However, the limit of liability shall be reduced by all sums paid because of the "bodily injury" by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A [liability coverage] of this policy.* (Emphasis added).

\*    \*    \*    \*    \*    \*

OTHER INSURANCE

If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. *However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.* (Emphasis added).

The medical payments coverage of the policy contains the following limitation:

LIMIT OF LIABILITY

\*    \*    \*    \*    \*    \*

B. Any amounts otherwise payable for expenses under this coverage shall be reduced by any amounts paid or payable for the same expenses under Part A [liability coverage] or Part C [UIM coverage].

The crux of this case is whether the final sentence of the OTHER INSURANCE clause of the UIM coverage is inconsistent with the LIMIT OF LIABILITY clause, making the policy ambiguous. To determine whether a policy is ambiguous, the Court must ask whether the policy " 'is reasonably subject to conflicting interpretation.' " *City of Boise v. Planet Ins. Co.,* 126 Idaho 51, 55, 878 P.2d 750, 754 (1994) (quoting *Bondy v. Levy,* 121 Idaho 993, 997, 829 P.2d 1342, 1346 (1992)).

On its face, the LIMIT OF LIABILITY clause of the UIM coverage clearly states that Sublimity will only pay the amount necessary to bring Shaw's total recovery to $100,000. In arriving at the payment to be made under the UIM coverage, Sublimity is entitled to reduce the $100,000 liability limit "by all sums paid because of the 'bodily injury' by or on behalf of persons or organizations who may be legally responsible." The final sentence of the OTHER INSURANCE clause of the UIM coverage does not make this LIMIT OF LIABILITY clause ambiguous. In fact, the OTHER INSURANCE clause does not even apply here.

The first two sentences of the OTHER INSURANCE clause refer to situations involving "other similar applicable insurance." This clearly means other UIM coverage. The final sentence begins with "however," which is a transition word used to signal a limitation applicable only to non-owned vehicles, not a reference to coverage other than UIM. All three sentences refer only to situations where there is other UIM coverage. Because there is no other UIM coverage in this case, the OTHER INSURANCE clause does not apply to this case.

Concerning the subtraction of the $5,000 in medical payments from the maximum UIM liability limit, the policy provides that disbursements for medical payments are reduced for amounts payable under the UIM

coverage. This obviously is designed to prevent double payment for medical costs of the insured. In this case Sublimity paid the $5,000 in medical payments first. Therefore, in order to prevent a double payment of medical costs, the maximum UIM liability limit payable is reduced by $5,000.

### III.

### CONCLUSION.

We reverse the summary judgment in favor of Shaw, together with the award of attorney fees and costs, and remand the case to the trial court with instructions to enter summary judgment in favor of Sublimity.

We award costs on appeal to Sublimity. Sublimity did not request attorney fees.

McDEVITT, C.J., and TROUT, SILAK and SCHROEDER, JJ., concur.