908 P.2d 153

### MUTUAL OF ENUMCLAW, Plaintiff–Respondent,

v.

Sherry BOX, individually and as Guardian Ad Litem for, James Box; Laura Box as Guardian Ad Litem for Gretchen E. Box; and Julia Forsberg, a single person, Defendants–Appellants.

No. 21480.

Supreme Court of Idaho, North Idaho, October 1995 Term.

Dec. 19, 1995.

852

Howard & Owens, Coeur d'Alene, for appellant. Kenneth B. Howard, Jr. argued.

Chase, Hayes & Kalamon, Coeur d'Alene, for respondents. Andrew C. Smythe argued.

SCHROEDER, Justice.

This is an automobile insurance case concerning underinsured motorist (UIM) coverage. As we held in *Sublimity Ins. Co. v. Shaw*, 127 Idaho 707, 905 P.2d 640 (1995), the UIM coverage at issue in this case is clear and unambiguous and entitles the insurer to set-off from the maximum liability limit the amount the insured received from the tortfeasor's insurance company.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

On November 23, 1991, Sherry Box was driving her vehicle with James Box, Gretchen Box and Julia Forsberg as passengers. Her vehicle was insured by Mutual of Enumclaw Insurance Company (Mutual). The Box vehicle was hit head-on by a pickup driven by Stacey Bell, which was insured by Grange Insurance (Grange). At the time of the accident, Bell was intoxicated and driving the wrong direction on Interstate 90.

One occupant of the Box vehicle, Julia Forsberg, incurred extensive injuries which resulted in medical expenses in excess of $24,000. The members of the Box family sustained various minor injuries resulting in medical expenses and other minor damages.

The pickup driven by Bell was insured by Grange Insurance with limits of liability of $50,000 per accident. Grange paid the policy limit to the occupants of the Box vehicle (Box); which exhausted the $50,000 liability limit of the Grange policy.

Mutual filed a complaint for declaratory relief and moved for summary judgment, claiming that the $50,000 policy limits paid by Bell's insurer, Grange Insurance, should be set off from the $100,000 underinsured motorist policy limit of the Mutual policy, relying on the language of Mutual's policy. Box also filed a motion for summary judgment, seeking a determination that Mutual was only entitled to set off the $50,000 Box received from Grange from the "damages" which were incurred, rather than the liability limits.

The district court concluded that the language in the insurance policy was "clear and unambiguous, and, under that clear and unambiguous contract, Mutual is entitled to offset from the $100,000 limits of uninsured/underinsured motorist coverage provided under the policy, the $50,000 previously paid by the tort feasor's insurance carrier to Sherry Box and other insureds under the Mutual policy." Box appealed.

## II.

### STANDARD OF REVIEW

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c). "Whether language contained in an insurance policy is ambiguous is a question of law to be determined by the trial judge." *Foster v. Johnstone*, 107 Idaho 61, 63, 685 P.2d 802, 804 (1984). When questions of law are presented, this Court exercises free review and is not bound by findings of the district court, but is free to draw its own conclusions from the evidence presented. *Automobile Club*

*Ins. Co. v. Jackson,* 124 Idaho 874, 876, 865 P.2d 965, 967 (1993).

## III.

## THE UIM COVERAGE DOES NOT REQUIRE MUTUAL OF ENUMCLAW TO PAY BOX MORE THAN $50,000.

Mutual asserts that the UIM coverage does not require it to pay more than $50,000 to Box. We agree.

The insurance policy between Sherry Box and Mutual of Enumclaw contained an underinsured motorist provision, which limited the amount of liability to $100,000 per accident. The underinsured motorist coverage by Mutual provided as follows:

A. **WE WILL PAY**

1. Damages which a **covered person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **bodily injury** sustained by a **covered person** and caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of an **uninsured motor vehicle.** Any judgment for damages arising out of a suit brought without our written consent is not binding on **us.**

. . . .

5. The meaning of **uninsured motor vehicle** includes **underinsured motor vehicle** subject to the following provisions:

a. **Underinsured Motor Vehicle** means a land motor vehicle or trailer for which the sum of all liability bonds or policies at the time of an accident provides at least the amount required by the applicable law where such vehicle is principally garaged but their limits of liability are less than the limit of this insurance. However, **underinsured motor vehicle** does not include an **uninsured motor vehicle.**

b. **We** will pay only after all liability bonds or policies have been exhausted by judgments or payments.

. . . .

C. **OUR** LIMIT OF LIABILITY:

1. Regardless of the number of covered **cars, insureds,** claims made or vehicles involved in the **accident** or premiums shown on the Coverage Page, the most **we** will pay for **bodily injury** resulting from any one **accident** is the Uninsured Motorist limit shown for the covered **car** on the Coverage Page.

2. Any amounts otherwise payable for damages under this coverage will be reduced by:

a. All sums paid because of **bodily injury** by or on behalf of persons or organizations who may be legally responsible

. . .

The issue in this case is whether the underinsured motorist benefits payable by Mutual under the underinsured motorist provision may be offset by the amounts previously tendered by the tort-feasor's liability carrier, Grange. The policy language relied upon by Box is found under OTHER LIMITS OF LIABILITY and reads, "Any amounts *otherwise payable for damages* under this coverage will be reduced by ... All sums paid because of bodily injury by or on behalf of persons or organizations who may be legally responsible." (emphasis added) Box maintains that this provision means that any payment from Bell's insurance must be applied to the total damages suffered by Box, not to the coverage limit in Mutual's underinsured motorist provision.

To determine whether a policy is ambiguous, the Court must ask whether the policy "is reasonably subject to conflicting interpretation." *City of Boise v. Planet Ins. Co.,* 126 Idaho 51, 55, 878 P.2d 750, 754 (1994) (quoting *Bondy v. Levy,* 121 Idaho 993, 997, 829 P.2d 1342, 1346 (1992)). "Unless a contrary intent is shown, common, non-technical words are given the meaning applied by laymen in daily usage—as opposed to the meaning derived from legal usage—in order to effectuate the intent of the parties." *AID Ins. Co. Mut. v. Armstrong,* 119 Idaho 897, 900, 811 P.2d 507, 510 (Ct.App.1991).

The Oregon Court of Appeals interpreted the same policy provision at issue here in *Mutual of Enumclaw Ins. Co. v. Key,* 131 Or.App. 130, 883 P.2d 875, 876 (1994). The facts of *Key* are analogous to those of this case. The injured parties settled with the

tort-feasor's insurer for the policy's per person limit of $100,000. Mutual of Enumclaw sought declaratory judgment regarding the amount of UIM benefits available to the insureds, seeking to deduct the $100,000 paid by the tort-feasor's insurer from the $300,000 liability limit per accident. 883 P.2d at 875. In rejecting the insureds' argument that sums received from the tort-feasor's insurance carrier are intended to reduce the actual damages rather than Mutual's liability, the *Key* court held that "UIM limits are reduced dollar for dollar by the amounts recovered from the tortfeasor's insurer." 883 P.2d at 877 (quoting *Yokum v. Farmers Ins. Co.*, 117 Or.App. 546, 844 P.2d 937 (1993)). The court specifically found that the phrase, " '[a]ny amounts otherwise payable for damages under this coverage will be reduced by,' means that the reduction must be from 'amounts payable' under the policy, not from 'damages.' " *Id.* at 877. The reasoning in *Key* is persuasive.

In this case, the OUR LIMITS OF LIABILITY section of the Mutual policy clearly states that Mutual will only pay the amount necessary to bring Box's total recovery to the liability limit, $100,000. In arriving at the payment to be made under the UIM coverage, Mutual is entitled to reduce the $100,000 liability limit by "[a]ll sums paid because of bodily injury by or on behalf of persons or organizations who may be legally responsible." The Mutual policy provides for this setoff with clear and unambiguous language. The meaning of this policy is not reasonably subject to conflicting interpretations.

## IV.

### CONCLUSION

We affirm the district court's grant of summary judgment to Mutual of Enumclaw. We award costs on appeal to Mutual of Enumclaw. Mutual of Enumclaw did not request attorney fees on appeal.

McDEVITT, C.J., JOHNSON, TROUT and SILAK, JJ., concur.