131 Idaho 18

951 P.2d 949

**Gretchen WALDEN, Plaintiff–Appellant,**

v.

**NATIONWIDE INSURANCE COMPANY, an Ohio corporation, Defendant– Respondent,**

**and**

**Mavis A. Davis, Defendant.**

**No. 23331.**

Supreme Court of Idaho,
Lewiston, October 1997 Term.

Jan. 7, 1998.

Rehearing Denied March 3, 1998.

Aherin, Rice & Anegon, Lewiston, for appellant. Darrel W. Aherin argued.

Creason, Moore, Dokken & Creason, Lewiston, for respondent. Theodore O. Creason argued.

SCHROEDER, Justice.

Gretchen Walden (Walden) brought an action against Nationwide Insurance Company (Nationwide) alleging breach of an auto insurance contract and bad faith. The district court granted summary judgment in favor of Nationwide. Walden appeals the district court's decision. On appeal she argues that the district court should have stayed the court proceedings pending arbitration rather than grant summary judgment, and that she is entitled to attorney fees pursuant to section 41–1839 of the Idaho Code.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

On February 9, 1994, Walden was seated in her parked car which was struck by a car driven by Mavis A. Davis (Davis) who was uninsured. Walden's car was damaged, and she suffered personal injuries. Walden had an automobile insurance policy with Nationwide which insured her for damages proximately caused by an uninsured motorist. The policy has an arbitration clause requiring that if the insured and the insurer fail to agree on the insured's right to recover damages from an uninsured motorist or the amount of damages, the dispute will be resolved by arbitration. Under a section of the policy entitled "General Policy Conditions," there is a "Legal Action Limitations" clause which requires that the insured comply with all of the policy terms before the insured can bring suit against the insurance company.

On February 21, 1995, Walden submitted a "proof of loss" to Nationwide, demanding the policy limits in the amount of $25,000 for herself, and a payment of $10,000 under the "each occurrence" provision on behalf of her husband who is no longer a party to this action. On March 6, 1995, Nationwide sent a letter to Walden advising her that it did not believe her claim was a limits case. Nationwide demanded arbitration.

On March 20, 1995, Nationwide advised Walden's counsel of the name of the arbitrator designated by Nationwide. Walden did not designate an arbitrator. Instead, she filed suit against Davis and Nationwide on March 29, 1995, alleging negligence on the part of Davis and a breach of contract on the part of Nationwide for failing to pay "an amount justly due" within thirty (30) days of filing her "proof of loss" as required by I.C. § 41–1839(1)[1]. Walden also alleged that Na-

tionwide had acted in bad faith when it refused to pay the policy limits for her injuries and requested a judgment and recovery of attorney fees against Nationwide pursuant to I.C. § 41–1839.

Nationwide moved to dismiss pursuant to I.R.C.P. 12(b) on the grounds that the dispute was subject to arbitration pursuant to an arbitration agreement in the insurance policy. Walden objected arguing that the district court should treat Nationwide's motion to dismiss as an application for arbitration and stay of proceedings pursuant to section 7–902 of the Idaho Code.

The district court ordered that Nationwide's motion to dismiss be converted to a motion for summary judgment. Nationwide objected to treating its motion as an application for arbitration, because Walden had refused to designate an arbitrator. Consequently, no arbitration could proceed. Nationwide also claimed that arbitration was a condition precedent to the bringing of a lawsuit and that, since this condition precedent had not been met, Walden's suit was without basis. The district court granted summary judgment in favor of Nationwide. The district court concluded that the provisions of I.C. § 7–902 were inapplicable to the case and, therefore, refused to stay the proceedings, reasoning that it was Walden who refused to arbitrate, not Nationwide. Walden could not refuse to arbitrate and then ask the court to stay proceedings for arbitration.

The district court also made determinations as to the application of I.C. § 41–1839, determining that I.C. § 41–1839 is an implied term of every insurance contract but that Walden had not properly invoked I.C. § 41–1839. The district court concluded that violations of § 41–1839 can only be retrospectively determined, because there can be no breach of that section until an "amount justly due" is determined through arbitration or a

---

1. Section 41–1839 of the Idaho Code provides as follows:

> Any insurer issuing any policy, certificate or contract of insurance, surety, guaranty or indemnity of any kind or nature whatsoever, which shall fail for a period of thirty (30) days after proof of loss has been furnished as provided in such policy, certificate or contract, to pay to the person entitled thereto the amount

> justly due under such policy, certificate or contract, shall in any action thereafter brought against the insurer in any court in this state for recovery under the terms of the policy, certificate or contract, pay such further amount as the court shall adjudge reasonable as attorney's fees in such action.
> I.C. § 41–1839(1).

trial. The district court determined that the only way § 41–1839 could be violated would be "[i]f plaintiffs are compelled to file suit after the amount justly due is determined in order to recover that amount, then at that point in time there may be a violation of § 41–1839 for which plaintiffs may recover attorney's fees pursuant to that statute."

The district court finally concluded that Walden had "not shown a breach of contract or any other grounds for supporting a suit against the defendant." Final judgment was entered in favor of Nationwide.

## II.

### STANDARD OF REVIEW

When this Court reviews the district court's ruling on a motion for summary judgment, it employs the same standard properly employed by the district court when originally ruling on the motion. *City of Chubbuck v. City of Pocatello,* 127 Idaho 198, 200, 899 P.2d 411, 413 (1995); *Friel v. Boise City Hous. Auth.,* 126 Idaho 484, 485, 887 P.2d 29, 30 (1994). Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c); *Mutual of Enumclaw v. Box,* 127 Idaho 851, 852, 908 P.2d 153, 154 (1995). There are no material facts in dispute in this case.

## III.

### THE DISTRICT COURT PROPERLY DECLINED TO STAY PROCEEDINGS FOR ARBITRATION

■ I.C. § 7–902(a) requires the court to compel arbitration "[o]n application of a party showing an agreement . . . [to arbitrate] and the opposing party's refusal to arbitrate." Although neither party disputes the existence or validity of the arbitration clause, neither party made an application to the court to arbitrate. Walden had declined to designate an arbitrator. The district court correctly determined that Walden could not obtain a stay of proceedings for arbitration while declining to take the steps necessary for arbitration. The district court also properly dealt with the issue before it by Nationwide's motion for summary judgment, that is, whether the facts established a claim for breach of contract or bad faith in failure to

pay the claim. If the facts did not support the claims, there was no point in staying the proceedings for arbitration.

## IV.

### NATIONWIDE WAS NOT IN BREACH OF CONTRACT AND DID NOT ACT IN BAD FAITH BY FAILING TO MAKE PAYMENT PRIOR TO DE-TERMINATION OF THE AMOUNT DUE BY ARBITRATION

■ The insurance policy provides that if the insurance company and insured "do not agree about **the insured's** right to recover damages or the amount of damages, the following arbitration procedure will be used." The policy then sets forth that after a written demand for arbitration has been made, each party will select an arbitrator, and the two arbitrators selected will select a third arbitrator. The policy provides that both parties will be bound by the award determined through arbitration, and a judgment based upon the award may be entered in court. The policy then provides the following:

> No legal action may be brought against **the company** concerning any of the coverages provided in this policy until **the insured** has fully complied with all terms of the policy.

A term of the policy is that the parties will submit to binding arbitration to determine the amount of damages, if that amount is in dispute. In this case the amount of damages was in dispute. By refusing to designate an arbitrator, Walden was the party who failed to comply with the terms of the policy, not Nationwide. Nationwide was entitled to have the amount of damages determined in arbitration. Nationwide was not in breach of contract and did not act in bad faith in relying on the provisions of the arbitration agreement.

## V.

### WALDEN IS NOT ENTITLED TO AT-TORNEY FEES PURSUANT TO I.C. § 41–1839 BECAUSE SHE WAS NOT COMPELLED TO BRING SUIT TO RECOVER FOR HER LOSS

■ In *Hansen v. State Farm Mutual Automobile Insurance Co.,* 112 Idaho 663,

735 P.2d 974 (1987), this Court recognized the validity of arbitration provisions in uninsured motorist coverage, but determined that the company's motion to compel arbitration was untimely, having been made after the insurance company had proceeded with litigation in court. In *Hansen*, this Court set forth the conditions for the application of I.C. § 41–1839:

> The language of this section is clear and unambiguous. An insured is entitled to an award of attorney fees only if (1) he has provided proof of loss as required by the insurance policy; (2) the insurance company fails to pay an amount justly due under the policy within thirty days of such proof of loss; and (3) the insured "thereafter" is compelled to bring suit to recover for his loss.

*Id.* at 671, 735 P.2d at 982.

In *Emery v. United Pacific Insurance Co.*, 120 Idaho 244, 815 P.2d 442 (1991), the Court affirmed the trial court's award of attorney fees pursuant to I.C. § 41–1839, although the amount of damages was determined in an arbitration proceeding. The Court acknowledged the policy in section 7–910 of the Idaho Code that attorney fees incurred in arbitration are not allowed. However, the insurance company's petition to compel arbitration was not filed until after negotiations for settlement had failed and the plaintiff had been forced to file suit. The Court observed the following:

> Where the insured is required and compelled to file a lawsuit by reason of an insurer's refusal to pay in order to recover under her insurance contract, we hold it is implicit in I.C. § 41–1839 that the court shall adjudge a reasonable award of attorney fees against the insurer.

*Id.* at 247, 815 P.2d at 445.

In the case at hand Nationwide made the demand for arbitration before suit was filed. Walden was not required to file suit in order to determine the amount due under the policy. That determination would be made in arbitration.

Walden relies upon *Brinkman v. Aid Insurance Co.*, 115 Idaho 346, 766 P.2d 1227 (1988), for the proposition that I.C. § 41–1839 applies from the time beginning thirty days after the proof of loss is submitted to the insurer who fails to tender an offer within the thirty-day window. *Id.* at 350, 766 P.2d at 1231. However, there is nothing in *Brinkman* that indicates the contract of insurance had an arbitration provision setting forth the method of determining an amount justly due, as in this case. In *Brinkman* it appears that the insured was compelled to file suit and proceed through judgment in order to determine the amount justly due. So far as the decision in *Brinkman* indicates, there was no arbitration provision in place, or if it was in place, it was not invoked. *Brinkman* does not assist in determining this matter.

Walden has not met the third requirement set forth in *Hansen* to obtain attorney fees pursuant to I.C. § 41–1839. She has not shown that she was compelled to bring suit to recover for her loss.

In sum, Walden could not make a breach of contract claim or a claim for bad faith, since Nationwide was pursuing resolution of the case through arbitration pursuant to the terms of the contract. Walden did not establish that it was necessary to bring suit to recover for her loss. The amount of her loss was to be determined in arbitration. The district court properly granted summary judgment to Nationwide.

## VI.

## CONCLUSION

The decision of the district court granting summary judgment to Nationwide is affirmed. Costs are allowed to Nationwide. No attorney fees are awarded.

TROUT, C.J., and JOHNSON, SILAK and WALTERS, JJ., concur.