974 P.2d 1095

**Tammi and John SMITH, husband and wife, Plaintiffs–Appellants,**

v.

**USAA PROPERTY AND CASUALTY INSURANCE, Defendant–Respondent.**

**No. 23697.**

Supreme Court of Idaho,
Boise, September 1998 Term.

March 16, 1999.

Aherin, Rice & Anegon, Lewiston, for appellants. Darrel W. Aherin argued.

Chase, Hayes & Kalamon, P.S., Coeur d'Alene and Spokane, for respondent. Andrew C. Smythe argued.

TROUT, Chief Justice.

This is an appeal from a summary judgment motion granted in favor of USAA Property and Casualty Insurance on an insurance bad faith claim. We affirm the district court's ruling.

## I.

## BACKGROUND

The appellant, Tammi Smith (Smith), was involved in an automobile accident in Lewiston, Idaho, in which she collided with a vehicle driven by Alice Chappell (Chappell). Smith suffered bodily injury and damage to her automobile as a result of the accident. At the time of the accident, Smith was insured by the respondent, USAA Property and Casualty Insurance (USAA), and Chappell was insured by Mutual of Enumclaw (Mutual). USAA paid Smith's medical expenses, in the amount of $3,371.87, and her property damage, in the amount of $8,015.61. A clause in Smith's contract with USAA gave USAA the right to be subrogated to Smith's right to recover damages from another. In a letter to Smith after the accident, USAA informed Smith of that right and advised Smith not to sign any type of release unless the release was for her interest only. In a

subsequent letter to Smith's attorney, USAA stated that they would waive subrogation if her settlement with Mutual reached the limit of Mutual's coverage.

In negotiating with Mutual regarding Smith's property damage, USAA agreed that Smith was 25% negligent, and therefore, Mutual paid only 75% of Smith's property damage. Smith objected to the 75%/25% liability apportionment and began her own negotiations with Mutual with respect to her personal injury claim. Smith and Mutual agreed that Smith's personal injury damages totaled $12,000. However, because USAA had conceded that Smith was 25% negligent, Mutual refused to settle the claim for more than $9,000. Ultimately, Smith accepted the $9,000 settlement. After Smith received the settlement, USAA demanded $2,528.90 from Smith, which constituted 75% of the money USAA paid for Smith's medical bills. Smith then placed $3,371.87 in trust, refusing to pay USAA, and brought an action for a declaratory judgment stating that USAA was not entitled under the insurance policy to recover its subrogated interest from Smith because Smith had not been fully compensated for her damages by Mutual. In her complaint, Smith also alleged breach of contract and insurance bad faith.

Both USAA and Smith moved for summary judgment. In response to USAA's motion for summary judgment, Smith submitted to the court the affidavit of Joe Conway (Conway), an expert in the adjustment of automobile insurance claims. USAA filed a motion to strike Conway's affidavit. The district judge denied USAA's motion to strike, but stated that it would not consider paragraphs five, six, and seven of Conway's affidavit because they contained inadmissible evidence. The district judge granted Smith's motion for summary judgment with respect to the declaratory judgment and breach of contract claim, and granted USAA's motion for summary judgment with respect to the bad faith claim.

Smith filed a motion for reconsideration of the district judge's ruling regarding the admissibility of portions of Conway's affidavit and the bad faith claim, and supported her motion with a second affidavit by Conway.

The district judge denied Smith's motion for reconsideration and also denied Smith's request for attorney's fees under I.C. § 41–1839(1).

## II.

## THE DISTRICT JUDGE PROPERLY GRANTED USAA'S MOTION FOR SUMMARY JUDGMENT.

### A. Standard of Review

When reviewing a trial court's ruling on a summary judgment motion, the Court should employ "the same standard properly employed by the district court when originally ruling on the motion." *Lamb v. Manweiler,* 129 Idaho 269, 271–72, 923 P.2d 976, 978–79 (1996) (citing *Friel v. Boise City Hous. Auth.,* 126 Idaho 484, 485, 887 P.2d 29, 30 (1994)). Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 271, 923 P.2d at 978 (citing I.R.C.P. 56(c); *Mutual of Enumclaw v. Box,* 127 Idaho 851, 852, 908 P.2d 153, 154 (1995)). The record must be liberally construed in favor of the party opposing the motion for summary judgment, drawing all reasonable inferences and conclusions supported by the record in favor of that party. *Id.* at 272, 923 P.2d at 979 (citing *City of Chubbuck v. City of Pocatello,* 127 Idaho 198, 200, 899 P.2d 411, 413 (1995)).

### B. Bad Faith

In her appeal, Smith asserts that the district judge erred in granting USAA's motion for summary judgment on the bad faith claim. In support of her assertion, Smith argues that the trial court abused its discretion in not considering portions of Conway's affidavit submitted by Smith in opposition to USAA's motion for summary judgment. Additionally, Smith asserts that the trial court did not consider Conway's second affidavit when ruling on the motion to reconsider and not considering the affidavit was error. Before this Court is able to address the district judge's ruling with regard to the affidavits and motion to reconsider, we first find it necessary to determine whether the facts of

this case, without reference to the expert opinion, are sufficient for a cause of action in bad faith.

We have stated that an insurer commits the tort of bad faith when it "intentionally and unreasonably denies or delays payment on a claim, and in the process harms the claimant in such a way not fully compensable at contract...." *White v. Unigard Mut. Ins. Co.*, 112 Idaho 94, 98, 730 P.2d 1014, 1018 (1986) (quotes and citations omitted). However, "[a]n insurer does not act in bad faith when it challenges the validity of a 'fairly debatable' claim, or when its delay results from honest mistakes." *Id.* at 100, 730 P.2d at 1020.

■ We find that under the facts of this case, there is no cause of action for bad faith. In this case, Smith asserts bad faith because, after Smith received payment from Mutual, USAA asserted a right to subrogation for the money previously paid to Smith for her medical expenses. Under the terms of Smith's contract with USAA,[1] after USAA asserted a right to subrogation, Smith was required to, and did, place the money in trust. Smith argues that because USAA made an initial agreement with Mutual as to Smith's portion of liability, she had no choice but to settle for 75% of the value of the claim and as a result was not fully compensated. Under the contract, USAA was entitled to a recovery only after the insured had been fully compensated for damages by another party. Therefore, Smith alleges, USAA wrongfully asserted its right to subrogation because she had not been fully compensated and by asserting its right to subrogation, Smith was forced to place part of the payment from Mutual in trust. This course of conduct, Smith argues, constituted an intentional or unreasonable delay on payment of the claim. USAA argues that because of its letter sent to Smith

notifying Smith of USAA's right to subrogation and its intent to enforce that right unless Smith exhausted the limit of liability of Mutual's coverage, USAA had a right to subrogation because Smith did not exhaust the limit of liability.

This Court has not yet decided a bad faith case involving an insurer asserting a right to subrogation for claims which it has paid in full. As we recently noted, "[w]hile we recognize that there is an implied duty of good faith and fair dealing relating to insurance contracts between insurers and insureds, we have traditionally dealt with the tort of insurance bad faith only as it arose in the context of settling and paying claims." *Simper v. Farm Bureau Mut. Ins. Co. of Idaho*, —— Idaho ——, ——, 974 P.2d 1100, 1103 (1999). In this case, USAA fully paid all of Smith's medical payments. USAA sought a subrogation right to those payments only after Smith received her settlement from Mutual. We do not believe that because Smith determined she had not been fully compensated and determined that under the contract she was required to place her money in trust, a cause of action against USAA for bad faith has been alleged. We stress that in this opinion we do not hold that in all cases where an insurer asserts a right to subrogation there is no bad faith. We hold only that the facts of this case do not present a situation where there has been an intentional and unreasonable denial or delay of payment on the claim.

Therefore, although the district judge found that summary judgment was proper because the testimony of Smith's expert was not sufficient to create a genuine issue of material fact, we find that summary judgment was proper because the facts of this case do not create a cause of action in bad faith. Thus, based on our determination that the facts of this case are not sufficient to

---

1. The disputed terms of the insurance contract are as follows:

OUR RIGHT TO RECOVER PAYMENT

A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right. That person shall do whatever is necessary to enable us to exercise our rights and do nothing after loss to prejudice them....

B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall hold in trust for us the proceeds of the recovery and reimburse us to the extent of our payment.

C. We shall be entitled to a recovery under paragraph A. or B. only after the person has been fully compensated for damages by another party.

constitute a bad faith claim, we affirm the district judge, although on a different basis.

### C. Remaining Issues

Due to our holding that the facts of this case are not sufficient to constitute a bad faith claim, we need not reach Smith's remaining issues regarding the stricken portions of Conway's first affidavit and denial of the motion to reconsider.

### III.

### THE DISTRICT JUDGE CORRECTLY DETERMINED THAT SMITH IS NOT ENTITLED TO ATTORNEY'S FEES PURSUANT TO I.C. § 41–1839.

Smith claims the district judge erred in declining to award her attorney's fees under I.C. § 41–1839. USAA argues Smith was not the "prevailing party" for the purpose of I.R.C.P. 54(e)(1), and I.C. § 41–1839 does not apply to Smith because USAA promptly paid Smith's medical bills as required by the insurance policy.

Pursuant to I.R.C.P. 54(e)(1), the trial court in a civil case may award attorney's fees to the prevailing party when provided for by statute. Rule 54(d)(1)(B) states that the trial court has discretion in determining the prevailing party, especially when there are multiple claims involved in a case. Idaho Code § 41–1839 provides for an award of attorney's fees in some insurance cases:

> Any insurer issuing any policy, certificate or contract of insurance, surety, guaranty or indemnity of any kind or nature whatsoever, which shall fail for a period of thirty (30) days after proof of loss has been furnished as provided in such policy, certificate or contract, to pay to the person entitled thereto the amount justly due under such policy, certificate or contract, shall in any action thereafter brought against the insurer in any court in this state for recovery under the terms of the policy, certificate or contract, pay such further amount as the court shall adjudge reasonable as attorney's fees in such action.

*See* I.C. § 41–1839(1). We have held that an insured is entitled to an award of attorney's fees under this section only if: (1) the insured has provided proof of loss as required by the insurance policy; (2) the insurance company fails to pay an amount justly due under the policy within thirty days of such proof of loss; and (3) the insured thereafter is compelled to bring suit to recover for his or her loss. *Walden v. Nationwide Ins. Co.,* 131 Idaho 18, 21, 951 P.2d 949, 952 (1998) (citing *Hansen v. State Farm Mut. Auto. Ins. Co.,* 112 Idaho 663, 671, 735 P.2d 974, 982 (1987)).

Although Smith was not the prevailing party as to all of the claims before the district judge, she did prevail with respect to the declaratory judgment and the breach of contract claim. Pursuant to Rule 54(d)(1)(B), a trial court may find that a party prevailed in part, and apportion costs and attorney fees appropriately. Therefore, the district judge did not abuse his discretion in determining that because Smith was the prevailing party as to one of the counts in her complaint, she satisfied the requirements of Rule 54(e)(1). However, Smith has not satisfied the requirements for an award of attorney fees under I.C. § 41–1839(1). Smith has not alleged nor provided any evidence that USAA did not pay her medical expenses and property damage within thirty days of her proof of loss. Rather, Smith attempts to extend the language of section 41–1839(1) to cover her present situation; that is, her placing a portion of her settlement in trust and her filing suit to prevent her insurance company from exercising its claimed right to subrogation. The language of I.C. § 41–1839(1) simply does not support Smith's interpretation. Thus, the district judge did not err in denying Smith attorney's fees under I.C. § 41–1839.

### IV.

### USAA IS NOT ENTITLED TO ATTORNEY'S FEES UNDER I.C. § 12–121.

USAA claims it is entitled to an award of attorney's fees on appeal pursuant to I.C. § 12–121. An award of attorney fees is appropriate if the Court is left with "the

abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation." *Balderson v. Balderson,* 127 Idaho 48, 54, 896 P.2d 956, 962, *cert. denied,* 516 U.S. 865, 116 S.Ct. 179, 133 L.Ed.2d 118 (1995) (citing *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979)). We decline to award attorney fees to USAA on appeal. Although Smith's argument before this Court regarding the district judge's abuse of discretion in striking portions of the expert opinion and denying the motion to reconsider was not persuasive, it was not unreasonable or frivolous.

## V.

## CONCLUSION

For the reasons stated above, the district judge's ruling as to the claims for bad faith and attorney fees under I.C. § 41–1839 are affirmed. Costs but not attorney fees are awarded to USAA on appeal.

Justices SCHROEDER, WALTERS and Justice Pro Tem JOHNSON, CONCUR.

Justice SILAK, CONCURRING IN THE RESULT.