(January 20, 1915.)

M. L. HARE and JAMES JUST, Administrator of the Estate of N. A. JUST, Deceased, Respondents, v. W. R. YOUNG, ANDREW LARSON & SONS, a Copartnership, Composed of ANDREW LARSON, J. B. LARSON and J. R. LARSON; YOUNG & SORENSON, a Copartnership, Composed of ROY YOUNG and ANDREAS SORENSON, Appellants.

[146 Pac. 104.]

LEASES OF LIVESTOCK—FILING FOR RECORD—COMITY BETWEEN STATES —BURDEN OF PROOF—POSSESSION OF PERSONAL PROPERTY—PRESUMPTION OF OWNERSHIP—ATTORNEY'S FEES—IMMATERIAL ISSUES —FINDINGS OF FACT.

1. Leases of more than ten head of livestock contracted in another state by citizens of another state, if said livestock is afterward brought by the lessee into Idaho, and thereafter and while the property and the lessee are in Idaho, by agreement between the parties, the original lease is continued for a longer term than was originally agreed upon, the new agreement is such a contract as is required to be filed for record by section 1263 of the Political Code of Idaho.

2. In order to invoke the doctrine of comity between states with respect to contracts, it is incumbent upon the party claiming such a benefit to show that his is such a contract as is contemplated by the doctrine. He must produce proof that the contract in behalf of which he seeks to invoke this rule is a foreign contract contemplated by the rule.

3. Where the evidence shows that the mortgagor of personal property had, for many years, been in possession of the property, dealt with it as his own, sold and otherwise disposed of portions of it and mortgaged other portions of it without objection, although there is evidence tending to show that his interest was that of a lessee, the finding of the trial court that the mortgagor was the owner of the property at the time he gave the mortgage is sustained by the evidence.

4. The facts in this case examined and found to justify the allowance of $750 as an attorney's fee to be awarded to plaintiffs under the terms of the note and mortgage.

5. Allegations in an answer that a portion of the amount of money secured by a mortgage was a pre-existing debt, and that no

levy was made on the property by the mortgagee, and that the mortgagee did not take nor attempt to take possession of it, *held*, to be immaterial, and that it was not error for the trial court to fail to make a finding of fact upon them.

APPEAL from the District Court of the Sixth Judicial District, in and for the County of Bingham. Hon. J. M. Stevens, Judge.

Suit to foreclose chattel mortgage. Judgment for plaintiffs. *Affirmed.*

J. W. Jones and Budge & Barnard, for Appellants.

The registration act provides that the lease "must be filed of record in the same county recorder's office or offices and within the same time and manner and for the same fee, as are chattel mortgages."

There is no statutory provision for filing foreign chattel mortgages when the chattels are subsequently brought into this state. The chattel mortgage registration acts apply only to property in Idaho when the mortgage is executed and have no extraterritorial effect. (Secs. 3406–3410, Rev. Codes.) By analogy, a foreign lease of animals, which are subsequently brought to this state, is not required to be placed of record in this state. (*Shapard v. Hynes,* 104 Fed. 449, 45 C. C. A. 271, 52 L. R. A. 675; *Creelman Lumber Co. v. Lesh,* 73 Ark. 16, 83 S. W. 320, 3 Ann. Cas. 108; *Greenville Nat. Bank v. Evans-Snider-Buel Co.,* 9 Okl. 353, 60 Pac. 249.)

"The statutes of one state requiring mortgages and other instruments dealing with personal property to be recorded in the town or county where the mortgagor resides do not apply to mortgages made in another state where the parties and the property are at the time. The *lex loci contractus* governs." (24 Am. & Eng. Ency. Law, 2d ed., 94; *Pyeatt v. Powell,* 51 Fed. 551, 2 C. C. A. 367.)

Hansbrough & Gagon, for Respondents.

The person who has the possession and control of a chattel and the person in possession and control of an article of per-

sonal property and who holds himself out as the owner thereof, is presumed to be the owner. (29 Cyc. 1550; *Keith v. Maguire,* 170 Mass. 210, 48 N. E. 1090; *Hornbein v. Blanchard,* 4 Colo. App. 92, 35 Pac. 187.)

The leases in question should have been recorded within a reasonable time after the statute in question, to wit, sec. 1263, Rev. Codes, went into effect. (*Moline Plow Co. v. Witham,* 52 Kan. 185, 34 Pac. 751.) By comity between the states, mortgaged property being removed from one state to another and the mortgage not recorded in the latter state, the mortgagor is permitted to retain possession under the terms of the mortgage, but such comity should not be extended to cases wherein it appears that the mortgagee consented to such removal. (*Newsum v. Hoffman,* 124 Tenn. 369, 137 S. W. 490; *Snyder v. Yates,* 112 Tenn. 309, 105 Am. St. 941, 79 S. W. 796, 64 L. R. A. 353; *Greene v. Bentley,* 114 Fed. 112, 52 C. C. A. 60; *Dawes v. Rosenbaum,* 179 Ill. 112, 53 N. E. 585.)

Where a true owner of property holds out another, or allows him to appear as the owner of or as having full power of disposition over the property, and innocent third parties are thus led into dealing with such apparent owner, or person having such apparent power of disposition, they will be protected. (16 Cyc. 773, 774; *Anderson v. Armstead,* 69 Ill. 452; *Wells v. Higgins,* 1 Litt. (Ky.) 299, 13 Am. Dec. 235; *Craig v. Turley,* 86 Ky. 636, 6 S. W. 648; *Wilson v. Scott,* 13 Ky. Law Rep. 926; *Hostler v. Hays,* 3 Cal. 302; *B. F. Avery & Sons v. Collins* (Tex. Civ. App.), 131 S. W. 426.)

MORGAN, J.—This is an appeal from the district court of the sixth judicial district of the state of Idaho, in and for the county of Bingham, and arises out of an action commenced in said court to foreclose a certain chattel mortgage made and executed by W. R. Young in favor of Anderson Brothers Bank, a corporation.

Prior to the commencement of this action, the said note and mortgage were assigned to M. L. Hare and N. A. Just, and subsequent thereto and prior to the trial in the district court, the said N. A. Just died, and thereafter the respondent, James

Just, as administrator of the estate of N. A. Just, deceased, was substituted as a party plaintiff.

On Dec. 19, 1910, the said W. R. Young, being indebted to Anderson Brothers Bank in the sum of $1,000, and desiring further advancements of money from that institution, made, executed and delivered to said bank his promissory note for $5,000, and, to secure the payment of the same, made, executed and delivered a chattel mortgage in the usual form upon all that remained in his possession of the sheep hereinafter mentioned and in said mortgage described as follows:

"3,000 head of ewes branded with circle on back, wool brand O—, 6 months to seven years old, being all the sheep owned by me. Kept on my ranch on Wolverine Creek in Bingham County, Idaho."

Said mortgage was, on Dec. 21, 1910, duly filed in the office of the county recorder of Bingham county, Idaho. Which said note and mortgage were assigned, as above stated, and sued upon and sought to be foreclosed in this action.

At the time of extending credit to Young and of accepting the mortgage to secure the loan, the officers and agents of the bank had no knowledge nor notice that anyone other than Young claimed any interest in the property mortgaged.

The appellants, Young & Sorenson, a copartnership, claim a portion of the sheep by purchase from Jones and Anderson in June, 1911, and the appellants, Andrew Larson & Sons, a copartnership, claim the remainder of them by purchase from Lund and the Christensens on or about July 1, 1911.

The trial of the case in the district court resulted in a decree that the defendant, W. R. Young, whose default for failure to answer had been entered, is indebted to the plaintiffs (respondents here) in the sum of $6,033.33, together with $750.00 attorney's fee, found by the court to be a reasonable amount to be allowed for that purpose under the terms of the note and mortgage, together with costs of suit, that the said sums are secured by the chattel mortgage, and that said mortgage is a prior lien upon the property therein described and superior to any right or rights of the defendants or either of them.

From this decree the appellants, Andrew Larson & Sons and Young & Sorenson have prosecuted this appeal.

The other facts in the case necessary to a decision thereof will appear in the opinion.

Counsel for the appellants contend that the evidence is insufficient to support certain findings of fact made by the trial judge, and assign the following errors of law:

1. That the court erred in not deciding as a matter of law from all the evidence that all of the sheep in the possession of the defendant W. R. Young were leased to him, in the state of Utah, by residents of Utah, while all of said sheep were in Utah, and that the leases were valid where executed, and said defendant, W. R. Young, had no interest therein or title thereto subject to encumbrance by him.

2. The court erred in not deciding as a matter of law from the evidence that sec. 1263 of the Political Code of Idaho had no application to this controversy, in that the leases in question did not concern property in this state and were not executed in this state, but concerned only Utah property and were executed in Utah, by residents of Utah, prior to the passage of said act, except as to 1100 head leased by Andrew Anderson to said defendant in the year 1910.

Sec. 1263, Rev. Codes, referred to in the second assignment, is as follows:

"All leases of more than ten head of livestock must be in writing and must be acknowledged in like manner as grants of real property, and filed for record in the same county recorder's office or offices, and within the same time and manner, and for the same fee, as are chattel mortgages; and the failure to comply with the provisions of this section renders the interest of the lessor in the property subject and subsequent to the claims of creditors of the lessee, and of subsequent purchasers and encumbrancers of the property in good faith and for value."

It is urged by counsel for the appellants that this section has no application to this case, because the leases in question were made in Utah by citizens of Utah and were leases of property then situated in Utah, which was thereafter brought into

the state of Idaho; that such leases in the state of Utah were, at the time they were made, recognized as valid, and that there was no statute in that state requiring them to be recorded, and that the registration acts of Idaho have no extraterritorial effect; that comity requires that the state to which the property is removed recognize and adopt the *lex loci contractus*. Also that the leases were made prior to the passage of the act and that the act can have no retroactive effect.

The doctrine of comity between states cannot be successfully applied to any of the contracts in question.

It is contended by appellants that Jones, in 1903, leased sheep to Young for a period of 5 years. At that time both parties lived in Utah and the sheep were in that state. The lease, however, if such it may be called, was superseded by a written instrument which was dated at Shelley, Idaho, October 9, 1904, and prior to that date Young had removed with the sheep to Idaho. Furthermore, at the expiration of the lease in 1908 and, while Young resided in this state and the sheep were here, the parties reached an agreement whereby he was to continue to hold them.

It is further contended that Anderson in 1904 leased certain sheep to Young for a period of 5 years. At that time the contracting parties and the sheep were in Utah. This agreement was in writing and when it expired in 1909, was renewed by another written instrument. At that time the sheep were in Idaho and Young was a resident of this state.

Appellants further contend that in 1902 or 1903, Young, by an oral agreement, leased from J. M. Christensen, Mary Christensen and P. C. Lund certain sheep for a period of 5 years, and at the date of the transaction the parties all lived in Utah and the sheep were in that state. The terms of this lease were thereafter changed and some uncertainty exists in the record as to the exact date of the change, but it appears from the testimony of Young that the new agreement was to take effect at the expiration of the old one which testimony, taken as a whole, shows to have been in the year 1908. At the time this new agreement was made, the property was in Idaho. as was also Young.

In this case it makes very little difference whether these subsequent agreements which were entered into after Young removed to Idaho and brought the sheep into this state be considered new leases or continuations of the old ones, or whether, as contended by respondents, Young actually owned the sheep, for if it should be found Young did not own the sheep, the new leases, or continuations of the old ones, are contracts entered into with a resident of the state of Idaho about livestock situated in Idaho, each referring to the leasing of more than ten head, and are such contracts as are required to be recorded by sec. 1263, Rev. Codes.

It is further contended that on or about July 15, 1910, Young, who since 1904 had resided in and had been engaged in the sheep business in Idaho, leased from Anderson 1100 head of sheep then in Utah, and removed them to his ranch in Idaho where they were repossessed by Anderson in April, 1911. The written instrument made as evidence of this lease is dated September 15, 1910, and the record does not disclose definitely whether the sheep were in Utah or Idaho at that time. In order to invoke the doctrine of comity between states with respect to contracts, it is incumbent upon a party claiming such a benefit to show that his is such a contract as is contemplated by the doctrine. He must produce proof that the contract in behalf of which he seeks to invoke this rule is a foreign contract contemplated by the rule. This the appellants fail to do with respect to the instrument dated September 15, 1910. Upon the other hand, the evidence, taken as a whole, invites the conclusion that the property was in Idaho when the document was executed. None of these leases or agreements were recorded in Idaho.

The foregoing conclusions dispose of appellants' contention that the trial judge gave to sec. 1263, Rev. Codes, a retroactive effect in his application of it to these contracts. That section was enacted in 1907 and the new agreements, or renewals of the leases, were all subsequent to its enactment.

The finding of the trial judge, that at the time of the execution of the mortgage the defendant Young was the owner of said sheep, is assigned by the appellants as error.

The word "owner" has been frequently defined by courts and text-writers.

"The owner of property is one who has dominion of a thing, real or personal, corporeal or incorporeal, which he has the right to enjoy and to do with as he pleases—either to spoil or destroy it as far as the law permits—unless he be prevented by some agreement or covenant which restrains his right."

"An owner is one who has dominion over that which is the subject of the ownership. He has the right to make such use of it, consistently with the rights of others, as he may see fit. The ownership may extend to the entire thing, or may be limited to an interest in it, and whatever is the subject of the ownership is held by the owner for his own individual benefit." (6 Words & Phrases, 5135.)

In the case of *Keith v. Maguire,* 170 Mass. 210, 48 N. E. 1090, construing a statute which provided for the sale of personal property on which there is a lien for work and labor, or for money expended, if the amount due is not paid within sixty days after demand; and also providing for notice of the intended sale to the owner, it was held that a married woman whose goods were stored in her husband's name with her full knowledge and approval was not entitled to such notice, the court says:

"The word 'owner' is not a technical term. It is not confined to the person who has the absolute right in the chattel, but also applies to the person who has the possession and control of it."

According to the contention of the appellants in this case, the sheep were leased to Young, but the record fully discloses that for many years Young had the property in his possession, dealt with it as his own, sold and otherwise disposed of portions of it, and mortgaged it without objection upon the part of the lessors. The finding of the trial court that he was the owner of the sheep is, therefore, fully sustained by the evidence.

It is also assigned as error that the trial judge found $750 to be a reasonable attorney's fee to be allowed to plaintiffs in

this action, and it is asserted that the evidence does not justify the allowance of to exceed $500 for this purpose.

The evidence upon this point consists of the testimony of Mr. W. A. Lee, an attorney at law, whose qualifications to testify upon the point having been admitted by the appellants, testified that $750 is a reasonable amount to be allowed as an attorney's fee under the circumstances disclosed by a hypothetical question which fairly disclosed the work and responsibility involved. Upon cross-examination he fixed the minimum fee at $500 and the maximum fee at $1,000. We think this finding fully supported by the evidence.

Assignments of error are also predicated upon the failure of the trial judge to find that the said mortgage was given to secure an antecedent debt to the amount of $1,000, and upon his failure to find that no levy was made on said sheep by the mortgagee and that the mortgagee did not take nor attempt to take possession of them.

The allegations in the answer wherein these points were presented to the court were immaterial, and to fail to make findings of fact upon them was not error.

Since the foregoing conclusions are decisive of the case, the court deems it unnecessary to pass upon the question of estoppel presented by the respondents.

The decree of the trial court is affirmed, and costs are awarded to the respondents.

Sullivan, C. J., concurs.

Budge, J., did not sit at the hearing nor take part in the decision of this case.