856 P.2d 868

**Young Harvey WALKER, Plaintiff–Respondent,**

v.

**BIG LOST RIVER IRRIGATION DISTRICT, Defendant–Appellant,**

**and**

**Richard E. Reynolds, Lewis Rothwell, James Clyde Lambert, Byron R. Pehrson, and Gerald Stewart, Defendants.**

**No. 19792.**

Supreme Court of Idaho, Pocatello, April 1993 Term.

June 16, 1993.

Rehearing Denied Aug. 3, 1993.

Ling, Nielson and Robinson, Rupert, for appellant. Roger D. Ling argued.

Racine, Olson, Nye, Cooper & Budge, Pocatello, for respondent. Randall C. Budge argued.

Larry EchoHawk, Atty. Gen., John W. Homan, Deputy Atty. Gen., Boise, for amicus curiae, Dept. of Water Resources. John W. Homan argued.

JOHNSON, Justice.

This is a water rights case. The trial court granted a writ of mandate and a permanent injunction compelling the Big Lost River Irrigation District (BLRID) to deliver stored water outside of BLRID's boundaries. The trial court also granted Walker damages as a result of BLRID's failure to deliver water.

We conclude that the trial court lacked jurisdiction in this case, because the case required the trial court to determine the right to the use of water, which may only be addressed as part of the Snake River Basin Adjudication (SRBA).

## I.

## THE BACKGROUND AND PRIOR PROCEEDINGS.

BLRID was formed in 1920. When it was formed, BLRID served as a vehicle for delivery of the individual irrigation district members' decreed water rights. In 1936, BLRID acquired water rights by purchasing the assets of the Utah Construction Company. Among Utah Construction Company's assets were the Mackay Dam and Reservoir and a decreed right to store a specified amount of the Big Lost River's natural flow in the Mackay Reservoir.

The Utah Construction Company purchase was made pursuant to a court-approved bond issuance. In approving BLRID's bond proposal, the district court approved BLRID's plan to transfer the place of use of Utah Construction's water rights to lands within the boundaries of BLRID, accumulate the water in the Mackay Reservoir, and apportion the available stored water among BLRID's members within the boundaries of the district in relation to those members' priority dates for decreed water. The department of reclamation approved transfer of the place of use of the water from Utah Construction Company's lands, which were outside of BLRID's boundaries, to the lands within BLRID's boundaries.

Walker is a farmer who owns two tracts of land. One tract is within BLRID's boundaries, and the other tract is not. Walker has decreed water, stored water, and well water available for irrigation of his lands. Walker has decreed water rights appurtenant to his lands within the boundaries of BLRID and other decreed water rights appurtenant to his lands not within the boundaries of BLRID. The decreed water rights have designated places of use on the lands to which they are appurtenant. The amount of stored water available to Walker is apportioned according to the amount of decreed water Walker has for his lands within BLRID's boundaries and varies from year to year depending on the level of the Mackay Reservoir.

Walker and BLRID agree that this stored water was originally made appurtenant to Walker's lands within BLRID's boundaries.

Walker asserts that he and his predecessors have combined and rotated the different forms of water available for irrigation between the lands within BLRID's boundaries and those not within BLRID's boundaries since the early 1940's. BLRID records establish that BLRID has delivered stored water to Walker's property that is not within BLRID's boundaries in the past and that until 1990 BLRID did not refuse delivery of stored water to Walker's lands not within BLRID's boundaries.

In 1990, after a number of years of drought, BLRID, through its board of directors, notified Walker that the district planned to enforce its policy of not delivering stored water outside BLRID's boundaries. During that irrigation season, BLRID refused to deliver stored water to Walker's lands not within BLRID's boundaries.

Walker sued BLRID to obtain a writ of mandate and a permanent injunction to compel BLRID to deliver the stored water to Walker's lands not within BLRID's boundaries. Walker also sued for damages to his crops as a result of BLRID's failure to deliver the stored water.

After a trial, the trial court granted Walker a writ of mandate, a permanent injunction and awarded Walker $8,906.25 in damages for a lost crop of hay. The trial court held that BLRID's conduct created an implied contract to deliver, at Walker's request, stored water to Walker's lands not within BLRID's boundaries. The trial court also held: (1) BLRID was estopped from asserting that it could not legally deliver stored water outside of the district; (2) laches prevented BLRID from claiming it could not deliver the water; and, (3) BLRID waived its right to assert that it need not deliver the water.

The trial court recognized that Walker and BLRID had filed claims in the SRBA. Although these claims are not a part of the record on appeal, Walker testified at trial that his SRBA claim asserts that the place

of use for the stored water has been changed over time through his irrigation methods and that the stored water is now appurtenant to all of his lands both within and outside of BLRID's boundaries. At trial, BLRID maintained that it owned the right to store water and control the water's use within its boundaries. The trial court found that this case concerned BLRID's *delivery* of water and did not an require adjudication of the parties' water rights. Based on this finding, the trial court held that it had jurisdiction to address the merits of this case because the adjudication of this case would not interfere with the ongoing SRBA.

## II.

### THE TRIAL COURT DID NOT HAVE JURISDICTION.

Both parties assert that the trial court had jurisdiction to determine this case and urge this Court to address the merits of the appeal. The amicus curiae, department of water resources, argues that only the SRBA district court has jurisdiction over the primary issues presented here. We conclude that the merits of this case concern an adjudication of the right to the use of water which should be presented to the SRBA district court and that the trial court lacked jurisdiction to adjudicate these water rights.

■ The Idaho Constitution, art. 15 § 1, gives the legislature broad authority to regulate and restrict the use of public waters in this state. In 1986, the legislature amended the Idaho statutes concerning general adjudications and specifically set the framework for SRBA. I.C. §§ 42–1401 through 42–1423. In 1987, the director of the department of water resources filed a petition for SRBA. In response to that petition and in accordance with court rules, this Court issued an order assigning District Judge Daniel C. Hurlbutt, Jr. as the presiding judge over SRBA and designated the district court of the fifth judicial district, Twin Falls County, as the county and court of venue for SRBA.

In essence, these actions created a division of the district courts (SRBA district court) with exclusive jurisdiction to determine all of the claims arising in SRBA. The SRBA district court is, in effect, a separate division of the district courts and exercises the unique jurisdiction given it by the legislature. As in the case of the magistrate division of the district courts, which exercises jurisdiction as a division of the district courts pursuant to I.C. § 1–2208, the SRBA district court exercises jurisdiction pursuant to I.C. §§ 42–1401 through 42–1423.

It is clear from the Idaho statutes governing general adjudications and SRBA that the legislature contemplated a single adjudication of claims within the scope of a general adjudication. This is evidenced in particular by I.C. § 42–1404(1), which regulates the filing of private adjudications and prevents a claimant from filing a private adjudication when a general adjudication has been commenced. Thus, once SRBA was commenced, jurisdiction to resolve all of the water rights claims within the scope of the general adjudication is in the SRBA district court only. Jurisdiction remains with the SRBA district court until it issues a final order concerning the particular water right at issue.

The immediate case was not within the subject matter jurisdiction of the trial court because it concerns an adjudication of a right to the use of water within the scope of SRBA. In this case, Walker is a "claimant" and is seeking a "private adjudication" as meant by I.C. § 42–1404. I.C. § 42–1401A(1) defines a claimant as "any person asserting ownership of rights to the use of water...." I.C. § 42–1401A(9) defines a private adjudication as "an action ... for the judicial determination of the extent and priority of the rights of named parties to the use of water."

This case required the trial court to resolve disputed issues concerning the right to the use of water. The trial court in its conclusions of law determined: (1) Walker had applied his water to beneficial use; (2) rotating water within BLRID was lawful; (3) Walker owned decreed and stored water rights; and, (4) Walker's irrigation practices were not detrimental to other landowners in BLRID. Although the trial court applied the theories of estoppel, implied contract, laches and waiver instead of change in the place of use, expansion, and transfer, as are sometimes applied in water adjudications, this does not change the fact that this case is a private water adjudication. The trial court's application of these theories required it to make findings and assumptions concerning the underlying water rights.

Walker's asserted water right falls within the scope of SRBA. The water involved in this case originates in the Big Lost River, a tributary of the Snake River, and is within the defined scope of the SRBA. For an overview of the history and the scope of SRBA, see *In re Snake River Basin Water Sys.*, 115 Idaho 1, 764 P.2d 78 (1988), *cert. denied*, 490 U.S. 1005, 109 S.Ct. 1639, 104 L.Ed.2d 155 (1989). Walker and BLRID have already filed claims in the SRBA. Walker's SRBA claim asserts a change in the place of use of the stored water and is properly before the SRBA district court according to I.C. § 42–1406A (district court in a general adjudication may adjudicate changes in the place of use without conforming to the procedural requirements of I.C. § 42–222).

### III.

### CONCLUSION.

We reverse the trial court's judgment, because only the SRBA district court has subject matter jurisdiction to adjudicate the water rights asserted in this case.

In light of our disposition of the case, we award no costs on appeal.

McDEVITT, C.J., and BISTLINE, TROUT and SILAK, JJ., concur.