895 P.2d 561

**Russell ORTHMAN and Nancy Orthman, husband and wife, and Nancy Orthman, natural mother and guardian on behalf of all minor children of the parties, Plaintiffs–Appellants,**

v.

**IDAHO POWER COMPANY, an Idaho corporation, Defendant–Respondent.**

No. 20940.

Supreme Court of Idaho, Boise, January 1995 Term.

May 23, 1995.

E. Lee Schlender, Hailey, for plaintiffs-appellants.

Evans, Keane, Boise, for defendant-respondent. Rex Blackburn argued.

TROUT, Justice.

This is a negligence action which was dismissed by the trial court on a Rule 12(b)(6) motion, for failure to state a claim upon which relief can be granted. The appellants, Russell and Nancy Orthman (Orthman), are alleging that respondent Idaho Power Company (Idaho Power) was negligent because it knew or should have known that Russell Orthman would attempt to reconnect his power after Idaho Power allegedly wrongfully terminated it.

## I.

### BACKGROUND

The Orthman complaint alleges that on April 22, 1993, Russell Orthman, a farmhand, was electrocuted at his home in rural Lincoln County. The complaint further alleges that Orthman was electrocuted while attempting to reconnect power to his farm, which service was provided by Idaho Power. Orthman alleged that the electrocution was caused or contributed to by the negligence of Idaho Power in the way it terminated the power service. Specifically Orthman asserted that Idaho Power had a duty relating to the maintenance, care and control of the electric distribution lines and a duty to warn Russell Orthman of any known and potential dangers and to properly disconnect the power, all of which were not correctly performed, resulting in Russell Orthman's electrocution. Due to the electrocution, Russell Orthman lost both legs, the use of his hands, and sustained internal injuries. In response, Idaho Power filed a 12(b)(6) motion seeking to dismiss the complaint.

The trial court, ruling on the 12(b)(6) motion, held:

In my view, there is not a duty owed. That there, as a matter of law, cannot be a proximate link between the contractual measures of termination and the steps taken by the Plaintiff in this case to attempt to self help.

In my view as a matter of law the self help is not foreseeable and could not have been a foreseeable consequence of the termination process even if the termination process was wrongful. That the remedy to be involved would be a contractual remedy, or a regulatory remedy through PUC but would not be the self help involved here.

Additionally, the district court ruled that the act of attempting to reconnect was an intervening cause that would intercept any negligence on the part of Idaho Power. The case is now before us on appeal from the grant of the motion to dismiss.

## II.

### STANDARD OF REVIEW

Prior to the argument on the motion to dismiss, Orthman filed affidavits in response to the motion and there was some indication that the parties argued this as a motion for summary judgment. I.R.C.P. 12(b) states:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56....

The trial court made no reference to the affidavits submitted in opposition to the motion to dismiss, and it is clear from reviewing the oral ruling of the trial court that this motion was treated purely as a motion to dismiss, and not one for summary judgment. Not only did the court talk about the problems with dismissing a case on the pleadings, in his oral ruling the judge specifically recited that "under 12(b)(6) I'm going to dismiss the case on the pleadings." It is not necessary that the trial court recite that it is not considering matters outside of the pleadings, at least in instances such as this where the court makes it very clear that the ruling is based entirely on the pleadings. Thus, we

review the trial court's ruling as a grant of the motion to dismiss, rather than summary judgment.

■ When we review an order of the district court dismissing a case pursuant to I.R.C.P. 12(b)(6), the non-moving party is entitled to have all inferences from the record viewed in his favor. *Miles v. Idaho Power Co.*, 116 Idaho 635, 637, 778 P.2d 757, 759 (1989). After drawing all inferences in the non-moving party's favor, we then ask whether a claim for relief has been stated. *Id.* "The issue is not whether the plaintiff will ultimately prevail, but whether the party is 'entitled to offer evidence to support the claims.'" *Greenfield v. Suzuki Motor Co. Ltd.*, 776 F.Supp. 698, 701 (E.D.N.Y.1991) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)). When pleading a negligence cause of action, a detailed statement of the circumstances is not necessary, and a general allegation of negligence is sufficient. *Id.*

## III.

### THE MOTION TO DISMISS WAS IMPROPERLY GRANTED

■ Orthman's sole claim for relief is based upon allegations of Idaho Power's negligence. Therefore, the complaint must allege elements of common law negligence which include (1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of duty; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual loss or damage. *Alegria v. Payonk*, 101 Idaho 617, 619, 619 P.2d 135, 137 (1980) (citing *Brizendine v. Nampa Meridian Irrigation Distr.*, 97 Idaho 580, 548 P.2d 80 (1976)).

■ For the purposes only of withstanding a motion to dismiss under Rule 12(b)(6), we hold that the complaint adequately alleges the elements of a negligence action. Previously, this Court has established the duty of care associated with the transmission of electricity. We have held that the highest degree of care must be exercised by those engaged in generation and transmission of electric energy. *Probart v. Idaho Power Co.*,

74 Idaho 119, 258 P.2d 361 (1953). However, we have also found that this duty is not absolute. We do not require a power company to guard against all *possibilities*, rather we require the company to reasonably guard against *probabilities*. *Id.* at 128, 258 P.2d at 366 (citing *Le Vonas v. Acme Paper Board Co.*, 184 Md. 16, 40 A.2d 43 (1944); *Webb v. Louisiana Power & Light Co.*, 199 So. 451 (La.Ct.App.1940); *Oklahoma Gas & Electric Co. v. Wilson*, 172 Okl. 540, 45 P.2d 750 (1935); *Hauser v. Pacific Gas & Elec. Co.*, 133 Cal.App. 222, 23 P.2d 1068 (1933)).

In the present case, the complaint alleges that Idaho Power knew or should have known that Russell Orthman would reasonably believe he was entitled to electrical power after his power was wrongfully terminated. This allegation supports an inference in favor of Orthman that Idaho Power had a duty to exercise reasonable care in all procedures relating to the termination of Orthman's power to prevent foreseeable harm, including harm to Orthman from attempting to reconnect his wrongfully terminated electrical service. Whether this contact with the electricity was a probability, rather than a possibility, cannot be determined with certainty from the general allegations in the complaint. However, for the purposes of this motion, we must view this allegation in the light most favorable to Orthman.

Orthman further alleges that the negligence was a substantial factor in the causal chain of events that resulted in the electrocution. We find that these statements sufficiently allege duty, breach and causation.

We have held that a 12(b)(6) motion will not be granted unless it appears beyond doubt that the appellant could prove no set of facts in support of his claim which would entitle him to relief. *Idaho Comm'n on Human Rights v. Campbell*, 95 Idaho 215, 217, 506 P.2d 112, 114 (1973) (citing *Stewart v. Arrington Constr. Co.*, 92 Idaho 526, 446 P.2d 895 (1968); *Wackerli v. Martindale*, 82 Idaho 400, 353 P.2d 782 (1960)). We cannot say, based upon the general allegations in the complaint, that there is no conceivable set of facts which would entitle Orthman to relief. Thus, it was error to hold that the pleading

was insufficient to allege a duty and breach of duty causing injuries.

The district court apparently also based its decision to dismiss the complaint on the ground that the remedy for Orthman's injuries is established in contract or PUC regulations. We decline to speculate whether Orthman may be entitled to other forms of relief, as the only question presented by this appeal is the sufficiency of the pleadings to state a claim for relief. For the reasons previously indicated, they adequately state a claim for relief based upon negligence.

Finally, the district court determined that Russell Orthman's actions in attempting self help to reconnect his electrical service was an intervening cause which would intervene in the causal link between Idaho Power's breach of duty and the cause of the injuries. It is difficult at best to assess causation at this stage of the proceedings where we are asked to analyze the allegations in a complaint alone. In light of our previous holdings requiring an act by a third person or other force in order to establish an intervening, superseding cause, *Mico Mobile Sales & Leasing, Inc. v. Skyline Corp.*, 97 Idaho 408, 411–12, 546 P.2d 54, 57–58 (1975), it seems unlikely that Russell Orthman's actions could be viewed as an intervening cause and there is no allegation that a third party was the intervening, superseding cause. We make this observation only to assist the trial court in further proceedings in this case, realizing it is difficult to make this determination on the basis of the pleading alone.

## IV.

### CONCLUSION

The order dismissing Orthman's complaint for failure to state a claim upon which relief may be granted is reversed, and the cause remanded for further proceedings. We award costs, but not fees, to appellants.

McDEVITT, C.J., JOHNSON and SILAK, JJ. and YOUNG, J. (Pro Tem.), concur.