921 P.2d 739

In re: SRBA Case No. 39576.

**FORT HALL WATER USERS ASSOCIATION, Plaintiff–Appellant,**

v.

**UNITED STATES, State of Idaho, Shoshone–Bannock Tribes, and Twin Falls and North Side Canal Companies, Defendants–Respondents.**

No. 22163.

Supreme Court of Idaho, Boise, December 1995 Term.

July 5, 1996.

Rehearing Denied Sept. 4, 1996.

Simms & Stein, P.A., Hailey, for appellant. Richard A. Simms argued.

Betty H. Richardson, United States Attorney, Boise; William B. Lazarus (argued), U.S. Department of Justice, Washington, D.C., for respondent United States of America.

Hon. Alan G. Lance, Attorney General; Clive J. Strong (argued), Deputy Attorney General, Boise, for respondent State of Idaho.

Candy L. Jackson, Fort Hall, for respondent Shoshone–Bannock Tribes.

Rosholt, Robertson & Tucker, Twin Falls, Norman M. Semanko for respondents Twin Falls and North Side Canal Companies.

SILAK, Justice.

This is an appeal from the district court's dismissal of the appellant Fort Hall Water Users Association's objections to the 1990 Fort Hall Indian Water Rights Agreement for lack of standing and for failure to state a claim upon which relief may be granted. We affirm.

## I.

## FACTS AND PROCEDURAL BACKGROUND

In 1985, the Idaho legislature directed the Idaho Department of Water Resources to seek a general adjudication of the interrelated claims to the use of the waters of the Snake River Basin. The legislature also adopted a resolution directing that the Governor and Attorney General attempt to settle the water rights claims of the Shoshone–Bannock Tribes of the Fort Hall Indian Reservation through negotiations. The Governor appointed the Idaho Water Resource Board and the Attorney General to represent the state of Idaho in the negotiations.

Negotiations subsequently undertaken by the United States, the state of Idaho, the Shoshone–Bannock Tribes and the Committee of Nine (an advisory committee created to represent the non-Indian interests in Water District 01), resulted in the 1990 Fort Hall Indian Water Rights Agreement ("the Agreement"). The Agreement sets forth the water rights of the Shoshone–Bannock Tribes upstream of Hells Canyon Dam, the rights of the Bureau of Indian Affairs, Fort Hall Agency, and the water rights of the Fort Hall Irrigation Project, the latter of which are exercised by Indian water users and some 2,000 non-Indian water users.[1] On November 16, 1990, the Agreement was approved by Congress. On April 2, 1991, it was approved by the Idaho legislature, and on May 31, 1991, the Agreement was approved by the general membership of the Shoshone–Bannock Tribes. The Agreement is not effective until entry of a decree quantifying the water rights.

On March 31, 1994, pursuant to the former I.C. § 42–1411, the Director of the Idaho Department of Water Resources filed with the Snake River Basin Adjudication (SRBA) district court a Director's Report abstracting the Agreement and containing a proposed consent decree implementing the Agreement. The Agreement and proposed consent decree addressed 25 different water rights.

On May 31, 1994, the appellant, Fort Hall Water Users Association ("FHWUA") filed objections to 7 of the 25 water rights addressed in the proposed consent decree. The FHWUA is an association of the 2,000 non-Indian water users in the Fort Hall Irrigation Project. On February 27, 1995, the United States, the state of Idaho and the Shoshone–Bannock Tribes ("the joint movants") filed seven motions to dismiss the objections of the FHWUA. The motions were filed pursuant to I.R.C.P. 12(b) or I.R.C.P. 56.

Respondents Twin Falls Canal Company and North Side Canal Company ("the Companies"), are water users who were involved in the negotiations (represented by the Committee of Nine) which culminated in the Agreement. The Companies participated in the negotiations in order to minimize the impact of the tribal claims on their water rights. After the joint movants filed their motions to dismiss the FHWUA's objections, the Companies filed a motion to participate in the disposition of the joint motions and the objections in order to protect their own interests. The motion to participate was not objected to and was subsequently granted.

In an order setting the motions for hearing, and in a subsequent order resetting the hearing date, the district court indicated it would treat the motions as summary judgment motions under I.R.C.P. 56. However, on May 11, 1995, the district court granted

---

1. The Fort Hall Irrigation Project was initially authorized by the Act of August 5, 1894, 28 Stat. 305. The Act directed the Secretary of the Interior to contract for the construction of canals and acquisition of water rights for the development of an irrigation project on lands within the Fort Hall Indian Reservation, as well as on lands that had been ceded by the Shoshone–Bannock Tribes. From its inception, the Fort Hall Irrigation Project was a combined Indian and non-Indian project.

the motions under I.R.C.P. 12(b)(6) ruling that the FHWUA did not have standing to file objections to the Agreement, and that FHWUA's objections were beyond the scope of the SRBA court's jurisdiction. The FHWUA then filed a motion to alter or amend the judgment of the district court which was denied.

On appeal, the FHWUA argues that (1) it has standing to file objections to the Agreement; and (2) the objections were not beyond the scope of the SRBA.

## II.

## STANDARD OF REVIEW

■ Prior to the argument on the motions to dismiss, it appeared that the district court intended to treat the motions as summary judgment motions under I.R.C.P. 56 rather than motions to dismiss under I.R.C.P. 12(b). Rule 12(b) provides, in pertinent part:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56....

Thus, had the district court considered matters outside the pleadings, such as affidavits and depositions, the motions should have been decided under I.R.C.P. 56. In its order granting the motions, the district court, however, clearly decided the motions under I.R.C.P. 12(b)(6). The court stated: "[T]he *Motions to Dismiss* are based on the record presently before the court, which consists solely of the pleadings (Notices of Claim, the 1990 *Fort Hall Indian Water Rights Agreement* and Objections and Responses to the *Agreement*)." The district court also explicitly stated in its order denying the FHWUA's motion to alter or amend the judgment that the motions to dismiss were decided solely on the pleadings pursuant to I.R.C.P. 12(b) and were not decided under I.R.C.P. 56 standards. In a water adjudication proceeding, such as the one presently before the Court, the types of documents mentioned above do comprise pleadings.

Thus, because the district court did not consider any matter outside the pleadings, we review the court's ruling as a grant of a motion to dismiss, rather than summary judgment.

■ When this Court reviews an order of the trial court dismissing an action pursuant to I.R.C.P. 12(b)(6), the non-moving party is entitled to have all inferences from the record viewed in its favor. *Orthman v. Idaho Power Co.*, 126 Idaho 960, 962, 895 P.2d 561, 563 (1995); *Miles v. Idaho Power Co.*, 116 Idaho 635, 637, 778 P.2d 757, 759 (1989). Only after drawing all inferences in favor of the non-moving party may the question be asked whether a claim for relief has been stated. *Orthman*, 126 Idaho at 962, 895 P.2d at 563; *Miles*, 116 Idaho at 637, 778 P.2d at 759.

## III.

## THE DISTRICT COURT CORRECTLY RULED THAT THE FHWUA DID NOT HAVE STANDING TO FILE OBJECTIONS TO THE AGREEMENT

■ Title 42, Chapter 14 of the Idaho Code provides for the adjudication of water rights. In order to assert a water right within the SRBA, a notice of claim must be filed with the SRBA court. I.C. § 42–1412 provides the means by which objections may be made to the assertion of water rights. Subsection (1) of I.C. § 42–1412 provides:

Any *party* who desires to object to parts I or II of the director's report shall file the party's objections with the district court within the time specified in the notice of filing of the report.

(Emphasis added.)

I.C. § 42–1401A(7) defines "party" as "... the director, any person who is a *claimant*, or any person who is served or joined." (Emphasis added.) I.C. § 42–1401A(1) defines "claimant" as follows:

"Claimant" means any person asserting ownership of rights to the use of water within the state of Idaho or *on whose*

*behalf ownership of rights to the use of water is asserted.*

(Emphasis added.)

The standing issue in this case revolves around the statutory interpretation of I.C. § 42–1401A(1) and the meaning of "claimant." The FHWUA asserts that it meets the requirements of being a claimant in the SRBA, not because it is itself claiming ownership of water rights, but because the United States filed the notice of claim on its behalf pursuant to the second half of the definition of "claimant" under I.C. § 42–1401A(1).[2] We disagree.

It is undisputed that the FHWUA did not file a notice of claim for the water rights that are the subject of the Agreement. The FHWUA contends that the notices of claim filed by the United States were for the benefit of or on behalf of the FHWUA within the meaning of I.C. § 42–1401A(1). We agree with the district court that there is nothing in the record to establish this fact. The notices of claim for the water at issue were filed by the United States as the "claimant." The United States did not assert *ownership* of the water rights on behalf of the FHWUA. Rather, the "remarks" section of the notices of claim provides:

THE WATER RIGHTS ARE *CLAIMED BY THE UNITED STATES* FOR *USE* ON LAND OWNED BY NON–INDIAN INDIVIDUALS WHICH ARE SERVED BY THE FORT HALL IRRIGATION PROJECT.

(Emphasis added.) Thus, it is clear that the United States is claiming ownership of the water rights on its own behalf, and that the non-Indian individuals that are served by the Fort Hall Irrigation Project may only have use of the water rights. The United States is therefore the claimant with respect to these water rights.

Further evidence that the FHWUA only has use of the water rights and not an ownership interest is found in the objections filed by the FHWUA. Under the general information section, the form asks the party ob-

jecting to "briefly describe your interest in this water right." The FHWUA responded: "[H]ave contracts with the U.S. for the delivery of 3.5 acre feet of water and have had our land encumbered to the U.S. to guarantee payment and delivery." The response shows that the FHWUA is aware that its interest in the water is only contractual and not an ownership interest.

Thus, we hold that because the FHWUA does not have standing to file the objections to the water rights described in the Agreement, the district court properly granted the joint movants' motions to dismiss. The FHWUA is not a claimant within the definition of I.C. § 42–1401A(1) because it is not asserting ownership rights and because the United States did not assert ownership rights on its behalf. The FHWUA is merely contractually permitted to have use of the water.

## IV.

## CONCLUSION

We hold that the FHWUA did not have standing to file objections to the Agreement. The FHWUA does not have standing because it is not a claimant in the SRBA within the meaning of I.C. § 42–1401A(1).

Because we hold that the FHWUA does not have standing in this case, we need not reach the issue of whether the FHWUA's objections are within the scope of the SRBA.

Accordingly, the order of the district court is affirmed.

Costs on appeal to respondents.

McDEVITT, C.J., and JOHNSON and TROUT, JJ., concur.

SCHROEDER, Justice, Specially Concurring.

On its face it might appear that this case is inconsistent with the decision in *Boundary Backpackers v. Boundary County,* 128 Idaho 371, 913 P.2d 1141 (1996), in which this Court found standing to adjudicate an issue when

---

2. The FHWUA expressly stated at oral argument before this Court that it is not the owner of the water rights claimed in this case.

only one plaintiff stated a conclusory and speculative potential injury. It is obvious in this case that a very large body of water users have a clear interest in the events that have taken place and that rights which they have may be adversely impacted by those events. It appears incongruous that this Court has opened its doors to a vaguely defined possible injury that almost certainly will not occur in *Boundary Backpackers* and closed its doors to water users in this case whose contract rights are well-defined and whose futures are clearly threatened. The apparent discrepancy is explained by the fact that in this case standing is determined by statute, I.C. § 42–1401A(1), not the policy of this Court. I concur in this case because the water users are precluded by statute from being heard, though their interests are clearly at stake. No similar statute limited the plaintiff in *Boundary Backpackers*.