13 P.3d 855

**SAGEWILLOW, INC. Petitioner–Appellant,**

v.

**IDAHO DEPARTMENT OF WATER RESOURCES, James Mays, Mays Land and Livestock, and Blaine County Canal Company, Respondents.**

No. 24431.

Supreme Court of Idaho,
Twin Falls, November 1999 Term.

Sept. 6, 2000.

Rehearing Denied Nov. 28, 2000.

Holden, Kidwell, Hahn & Crapo, Idaho Falls; Rosholt, Robinson & Tucker, Twin Falls, for appellant. Kent W. Foster and Norman M. Semanko argued.

Hon. Alan G. Lance, Attorney General; Phillip J. Rassier, Deputy Attorney General, for respondent Department of Water Resources. Phillip J. Rassier argued.

Givens Pursley, LLC, Boise, for respondents James Mays, Mays Land and Livestock, and Blaine County Canal Company. Michael C. Creamer argued.

**PER CURIAM.**

This is an appeal from the district court's review of a decision issued by the Idaho Department of Water Resources (IDWR), ruling that certain water rights belonging to Sagewillow, Inc. (Sagewillow) were partially forfeited. We remand the case to the Snake River Basin Adjudication district court.

## I.

### FACTS AND PROCEDURAL BACKGROUND

#### A. Facts

In 1989, Sagewillow purchased real property in Butte County, known locally as the Knollin Ranch. The property included appurtenant surface and ground water rights. In 1993, Sagewillow acquired additional property northeast of the Knollin Ranch. Six of Sagewillow's water rights, which originally authorized the irrigation of a total of 2,383 acres, are involved in this appeal. Most of the water rights have priority dates ranging from 1950 to 1960. One of the water rights has a 1972 priority date.

In October 1990, Sagewillow filed an application for transfer, seeking to transfer the

place of use and point of diversion for water right number 33–02091. No protests were filed to the transfer, which was formally approved in October 1992. In 1993, Sagewillow filed seven additional applications for transfer with the IDWR, proposing a change in the place of use for its water rights. Protests to several of the applications were submitted by respondents James Mays, Mays Land and Livestock, and Blaine County Canal Company. A recommended order was issued by the IDWR on May 22, 1995.

Near the end of 1995, Sagewillow filed several exceptions to the order, and on April 8, 1996, the IDWR entered an amended order, ruling that a portion of Sagewillow's water rights had been forfeited because some of the land had not been irrigated for approximately 20 years. Additionally, the order voided the previously approved transfer of water right number 33–02091, which Sagewillow had been using to irrigate 320 acres of its property, and stated that as a result of the forfeitures, no more than 1,412 acres could be irrigated under Sagewillow's water right.

## B. Procedural Background

Sagewillow sought judicial review of the IDWR's decision in the district court of the seventh judicial district in May 1996. In December 1996, Sagewillow filed a motion to dismiss the IDWR as a party and to limit the IDWR's involvement in the review proceedings. The district court denied the motion to dismiss, ruling that the IDWR was a necessary party to the dispute.

In a memorandum decision issued in December 1997, the district court affirmed the IDWR's order, ruling that Sagewillow's resumption of use was not a valid defense to forfeiture under the facts of the case. Sagewillow appeals the district court's decision.

## II.

## ISSUES ON APPEAL

The following issues are presented on appeal:

A. Whether the district court and the IDWR erred in concluding that resumption of use was not available as a defense to forfeiture under the circumstances.

B. Whether the district court erred in affirming the IDWR's conclusion that Sagewillow's water rights were forfeited.

C. Whether the district court erred in affirming the IDWR's decision to void Sagewillow's previously approved transfer.

D. Whether the district court erred in allowing the IDWR to participate as a party during judicial review of the IDWR's own decision.

## III.

## ANALYSIS

### The District Court Lacked Jurisdiction To Review The IDWR Decision.

Sagewillow sought judicial review of the IDWR's decision in the district court of the seventh judicial district. For the reasons discussed below, the district court lacked jurisdiction to review the IDWR decision and accordingly, the district court's decision is vacated and the case is remanded to the Snake River Basin Adjudication (SRBA) district court for further review.

The Idaho Legislature has created a procedural framework by which disputes over the rights and use of water in this state are to be determined. *See Walker v. Big Lost River Irr. Dist.,* 124 Idaho 78, 80, 856 P.2d 868, 870 (1993). When a person with an established water right, by permit or otherwise, seeks to change the point of diversion, place of use, period of use, or nature of use of water, an application to do so must first be made to the IDWR. *See* I.C. § 42–222(1). After examination, the IDWR may grant or deny such application. *See id.* All rights to the use of water are lost or forfeited by a failure for the term of five (5) years to apply it to beneficial use for which it was appropriated. *See* I.C. § 42–222(2). Any person or persons aggrieved by the determination of the IDWR in approving or rejecting an application to change the point of diversion, place, period of use or nature of use of water under an established right may seek judicial review.

*See* I.C. § 42–222(3). The judicial review shall be had in accordance with the provisions and standards set forth in chapter 52, title 67, Idaho Code. *See* I.C. § 42–1701A(4). Section 67–5272(1) of the Idaho Code states:

> **Except when required by other provision of law,** proceedings for review or declaratory judgment are instituted by filing a petition in the district court of the county in which:
>
> (a) the hearing was held; or
>
> (b) the final agency action was taken; or
>
> (c) the aggrieved party resides . . .; or
>
> (d) the real property or personal property . . . is located.

I.C. § 67–5272(1) (emphasis added). Therefore, legislatively defined procedures for review of an IDWR decision allow filing in various district courts "except where required by other provision of law." I.C. § 67–5272(1).

In 1987, the SRBA was commenced, precluding all private actions for adjudication of water rights within the Snake River Basin water system. *See* I.C. § 42–1404(1); *Walker,* 124 Idaho at 81, 856 P.2d at 871. In response to the commencement of the SRBA, this Court issued an order designating the district court of the fifth judicial district, Twin Falls County, as the county and venue for the SRBA. *See Walker,* 124 Idaho at 80, 856 P.2d at 870. This Court has since held that resolution of all claims arising within the scope of the SRBA are within the exclusive jurisdiction of the SRBA district court. *See id.* at 81, 856 P.2d at 871. Furthermore, the adjudication statutes provide that any supplemental adjudication of water rights within the scope of the SRBA must be filed in the district court that originally heard the general adjudication. *See* I.C. § 42–1424(3).

Sagewillow's claim falls clearly within the exclusive jurisdiction of the SRBA district court. The waters involved are within the scope of the SRBA because they are part of the Snake River water system. *See generally, In re Snake River Basin Water System,* 115 Idaho 1, 764 P.2d 78 (1988). The IDWR decision involved a contest to Sagewillow's water right and transfer of the same. Under the facts of this case, I.C. § 67–5272(1) provides that review of the IDWR decision may be sought generally in the district court of the seventh judicial district. However, because the requirements of I.C. § 42–1424(3) constitute "another provision of law," the statutes governing the SRBA adjudication and this Court's holding in *Walker* preclude Sagewillow from filing its petition for review of the IDWR decision in a court other than the SRBA district court.

Accordingly, because Sagewillow's request for review of the IDWR decision falls within the exclusive jurisdiction of the SRBA district court, we hold that the district court below lacked jurisdiction to review the decision of the IDWR.

## IV.

## CONCLUSION

We hold that the SRBA district court has exclusive jurisdiction over this matter and that the district court lacked jurisdiction to review the IDWR decision. Accordingly, we vacate the district court's decision and remand the case to the SRBA district court for review. No costs or attorney fees are awarded on appeal.