50 P.3d 488

Brent THOMSON, Plaintiff–Appellant,

v.

CITY OF LEWISTON; Urban Renewal, Agency, City of Lewiston, Defendant–Respondent.

No. 26881.

Supreme Court of Idaho, Boise, April 2002 Term.

July 1, 2002.

Edwin L. Litteneker, Lewiston, for appellant.

Clements, Brown & McNichols, Lewiston, for respondent. Bentley G. Stromberg argued.

TROUT, Chief Justice.

## I.

## NATURE OF THE CASE

This is an appeal from the district judge's dismissal based on lack of standing, of Appellant Brent Thomson's (Thomson) complaint seeking a declaratory judgment invalidating the City of Lewiston's (City) creation of an urban renewal plan (Plan) pursuant to Chapter 20, Title 50, Idaho Code. We affirm.

## II.

## FACTUAL AND PROCEDURAL HISTORY

On October 18, 1999, the City adopted Resolution No. 99–75, which found that deteriorated or deteriorating conditions existed within the City that were in need of rehabilitation, conservation, or redevelopment. The Resolution also created an entity called the Urban Renewal Agency (Agency) to function within the City. On November 15, 1999, the City adopted Resolution 99–85, declaring that the "Nez Perce Terrace Urban Renewal Area # 1" was a deteriorated or deteriorating area, as defined by Idaho Code §§ 50–2018 and 50–2903. Resolution 99–85 also designated this area to be an urban renewal area pursuant to Idaho Code, Title 50, Chapter 20, and the Local Economic Development Act, and directed the Agency to develop an urban renewal plan for that area.

The Agency created a Plan, which called for the development of a business and technology park within the area. The Plan called for funding in excess of ten million dollars, with funds to be generated from grants, private investors, private-public financing, local public investment, and tax increment financing. The City held a public hearing on adoption of the Plan on January 10, 2000, and on January 31, 2000, it enacted Ordinance No. 4261 (Ordinance), which approved the Plan.

On February 18, 2000, Thompson filed a complaint in the 2nd Judicial District Court alleging that "Plaintiff is a resident and tax payer in the City of Lewiston, Nez Perce County, Idaho, and a person of interest pursuant to the provisions of § 50–2027 Idaho Code." The complaint claims the Ordinance is invalid because the area covered by the Plan does not meet the statutory definition of "deteriorating condition" for open land, as defined by Idaho Code § 50–2008(d) and thus, the City lacked authority to adopt the Ordinance enacting the Plan. The complaint prays for relief in the form of "a declaratory judgment invalidating Lewiston City Council Ordinance 4261 and prohibiting the City of Lewiston and the Urban Renewal Agency from further proceeding with the implementation thereof, and for such other and further relief as may be just."

Thereafter, the City filed a motion to dismiss pursuant to I.R.C.P. 12(b)(1) and 12(b)(6), claiming that Thomson lacked standing to challenge the Ordinance. The district judge treated the motion as a motion for summary judgment because exhibits were submitted for consideration with the motion, together with other documents considered by the judge in making his ruling. The district judge granted the City's motion on August 10, 2000, and Thomson appealed to this Court.

## III.

## STANDARD OF REVIEW

In an appeal from an order granting summary judgment, this Court's stan-

dard of review is the same as the standard used by the district court in passing upon a motion for summary judgment. *McDonald v. Paine,* 119 Idaho 725, 810 P.2d 259 (1991); *Meridian Bowling Lanes v. Meridian Athletic Ass'n, Inc.,* 105 Idaho 509, 670 P.2d 1294 (1983). Summary judgment is appropriate if the pleadings, affidavits, and discovery documents on file with the court, read in a light most favorable to the nonmoving party, demonstrate no material issue of fact such that the moving party is entitled to a judgment as a matter of law. *See* I.R.C.P. 56(c); *Badell v. Beeks,* 115 Idaho 101, 102, 765 P.2d 126, 127 (1988). "In making this determination, all allegations of fact in the record, and all reasonable inferences from the record are construed in the light most favorable to the party opposing the motion." *City of Kellogg v. Mission Mountain Interests Ltd., Co.,* 135 Idaho 239, 243, 16 P.3d 915, 919 (2000).

 The burden of proving the absence of material facts is upon the moving party. *See Petricevich v. Salmon River Canal Co.,* 92 Idaho 865, 452 P.2d 362 (1969). The adverse party, however, "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." I.R.C.P. 56(e). Therefore, the moving party is entitled to a judgment when the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case on which that party will bear the burden of proof at trial. *See Badell,* 115 Idaho at 102, 765 P.2d at 127 (*citing Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

### IV.

### DISCUSSION

#### A. Propriety of Procedural Method of Dismissal

Thomson argues that the district judge erred in treating the City's I.R.C.P. 12(b)(6) motion as a motion for summary judgment. Although the motion states that it is brought pursuant to I.R.C.P. 12(b)(1) and 12(b)(6), "[i]f, on a motion asserting [12(b)(6)] to dis-

miss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one of summary judgment and disposed of as provided in Rule 56...." I.R.C.P. 12(b)(6) (2001); *see also Fort Hall Water Users Ass'n v. U.S.,* 129 Idaho 39, 41, 921 P.2d 739, 741 (1996); *Hays v. State,* 132 Idaho 516, 519, 975 P.2d 1181, 1184 (Ct.App. 1999); *Hellickson v. Jenkins,* 118 Idaho 273, 276, 796 P.2d 150, 153 (Ct.App.1990).

 In the present dispute, the City included several attachments along with its memorandum in support of its motion to dismiss. Likewise, Thomson included attachments with his memorandum in opposition to the City's motion to dismiss. In ruling on the motion, the district judge stated, "I'm going to grant this as a Motion for Summary Judgment.... And I certainly have considered—considered and would have considered anything that would have been submitted to me outside of the—outside of the pleadings and—in a factual way. I think it's more properly a Motion for Summary Judgment based upon the ruling that the plaintiff does not have standing to bring this action." Because the district judge specifically stated that he considered material outside of the pleadings, he properly treated the motion as one for summary judgment.

 Moreover, summary judgment is a proper procedural method for dismissing a claim based on a lack of standing. *E.g., Scott v. Buhl Joint School Dist. No. 412,* 123 Idaho 779, 782, 852 P.2d 1376, 1379 (1993); *State v. Continental Cas. Co.,* 126 Idaho 178, 186, 879 P.2d 1111, 1119 (1994); *Selkirk–Priest Basin Ass'n, Inc., v. State ex rel. Batt,* 128 Idaho 831, 834–35, 919 P.2d 1032, 1035–36 (1996). Therefore, we hold that the motion was properly treated as a motion for summary judgment, and that summary judgment was a proper method for dismissing a case based on a lack of standing.

#### B. Lack of Standing

##### 1. Traditional Standing Analysis

 The district judge was correct in holding that Thomson lacks standing under a

traditional standing analysis. In *Miles v. Idaho Power Co.*, 116 Idaho 635, 778 P.2d 757 (1989), this Court stated three basic propositions concerning standing:

1. "The doctrine of standing focuses on the party seeking relief and not on the issues the party wishes to have adjudicated."

2. "[T]o satisfy the case or controversy requirement of standing, litigants generally must allege or demonstrate an injury in fact and a substantial likelihood that the judicial relief requested will prevent or redress the claimed injury."

3. "[A] citizen and taxpayer may not challenge a governmental enactment where the injury is one suffered alike by all citizens and taxpayers of the jurisdiction."

*Boundary Backpackers v. Boundary County*, 128 Idaho 371, 375, 913 P.2d 1141, 1145 (1996) (quoting *Miles*, 116 Idaho at 641, 778 P.2d at 763).

In the present dispute, the district judge noted these three principles, and cited to *Miles* in ruling that Thomson lacked standing. The district judge stated, "[c]ertainly where a taxpayer of a jurisdiction on that basis challenges an action of that—of the governmental agency, on that basis alone standing has not been found." In fact, Thomson essentially concedes that he lacks standing under a traditional standing analysis. In his opening brief, he writes, "Mr. Thomson does not assert that he was damaged as a result of the creation of the Urban Renewal District, only that the actions of the City should be reviewed by the court to determine the validity, legality and regularity of the City's actions pursuant to Idaho Urban Renewal Act." Therefore, the district judge was correct in holding that Thomson lacked standing under a traditional standing analysis because he does not allege any particularized injury, but rather only an injury that is "suffered alike by all citizens and taxpayers of the jurisdiction."

### 2. *Standing Under Idaho Code § 50–2027*

Thomson's primary argument is that Idaho Code § 50–2027 confers standing on him to bring this action. Idaho Code § 50–2027 provides:

**Limitations on review of adoption or modification of plan, and issuance of bonds**

. . .

(2) For a period of thirty (30) days after the effective date of the ordinance or resolution, *any person in interest* shall have the right to contest the legality of such ordinance, resolution or proceeding or any bonds which may be authorized thereby. No contest or proceeding to question the validity or legality of any ordinance, resolution or proceeding, or any bonds which may be authorized thereby, passed or adopted under the provisions of this chapter shall be brought in any court by any person for any cause whatsoever, after the expiration of thirty (30) days from the effective date of the ordinance, resolution or proceeding, and after such time the validity, legality and regularity of such ordinance, resolution or proceeding or any bonds authorized thereby shall be conclusively presumed. If the question of the validity of any adopted plan or bonds issued pursuant to this chapter is not raised within thirty (30) days from the effective date of the ordinance, resolution or proceeding issuing said bonds and fixing their terms, the authority of the plan, the authority adopting the plan, or the authority to issue the bonds, and the legality thereof, the same shall be conclusively presumed and no court shall thereafter have authority to inquire into such matters.

I.C. § 50–2027 (emphasis added).

The district judge also addressed this section in ruling that Thomson lacked standing. He noted that the statute "allows for a challenge within the thirty day period of the date of an ordinance or resolution by any person in interest." The district judge noted, however, that this section was entitled "Limitations on review . . ." and he thus reasoned that the legislature did not intend to broaden the traditional standing requirements by using the term "person of interest" as a person who could bring an action. The judge therefore concluded that as a taxpayer only,

Thomson did not have standing to challenge the action.

Thomson argues that the district judge erred because he is a "person in interest" and traditional rules of standing do not apply in the present case. He also asserts that the language of § 50–2027 indicates that traditional standing principles do not apply.

 "The interpretation of a statutory provision must begin with the literal words of the statute, giving the language its plain, obvious and rational meaning." *Crawford v. Dept. of Correction*, 133 Idaho 633, 635, 991 P.2d 358, 360 (1999) (citing *State v. Watts*, 131 Idaho 782, 963 P.2d 1219 (1998); *Atkinson v. State*, 131 Idaho 222, 953 P.2d 662 (Ct.App.1998)). When interpreting the meaning of a statute, this Court gives effect to legislative intent and the purpose of the statute. *Id.* (citing *Allen v. Blaine County*, 131 Idaho 138, 953 P.2d 578 (1998)). "The legislature's intent in enacting a statute may be implied from the language used or inferred on grounds of policy or reasonableness." *Id.* (citing *Black v. Reynolds*, 109 Idaho 277, 280, 707 P.2d 388, 391 (1985), overruled on other grounds by *Stewart v. Rice*, 120 Idaho 504, 817 P.2d 170 (1991)).

 We presume that the legislature did not intend to change the common law unless the language of a statute clearly indicates the legislature's intent to do so. *E.g., Williams v. Blakley*, 114 Idaho 323, 325, 757 P.2d 186 (1988). Idaho Code § 50–2027 does not clearly indicate the legislature's intent to change the common law standing requirements. By using the term "any person in interest" rather than "any person," we hold that the legislature intended to limit the number of possible plaintiffs, and incorporate common law standing principles. Therefore, Idaho Code § 50–2027 does not eliminate the need for a plaintiff to satisfy traditional standing requirements, which Thomson has failed to do.

## C. Attorney's Fees on Appeal

 Thomson requested attorney's fees under the private attorney general doctrine and under Idaho Code § 12–117. Idaho Code § 12–117 provides, "[i]n any adminis-trative or civil judicial proceeding involving as adverse parties a state agency and a person, the court shall award the person reasonable attorney's fees, witness fees and reasonable expenses, if the court finds in favor of the person and also finds that the state agency acted without a reasonable basis in fact or law." The Court of Appeals has held that this provision authorizes attorney's fees when an appeal corrects mistakes that an agency "should never have made." *Fox v. Board of County Comm'rs*, 121 Idaho 686, 692–93, 827 P.2d 699, 705–06 (Ct.App.1991) (citing I.C. § 12–117).

 Under the private attorney general doctrine, attorney fees are justified where: (1) the litigation vindicated an important or strong public policy; (2) private enforcement was necessary in order to vindicate the policy and was pursued at significant burden to the plaintiff; and (3) a significant number of people stand to benefit from the decision. *See Hellar v. Cenarrusa*, 106 Idaho 571, 577–78, 682 P.2d 524, 530–31 (1984).

Because we find in favor of the City on appeal, Thomson is not entitled to attorney's fees under either of the foregoing provisions.

## V.

## CONCLUSION

We hold that the district judge did not err when he dismissed Thomson's complaint based on a lack of standing and we award costs to the City on appeal.

Justices SCHROEDER, WALTERS and EISMANN, concur.

Justice KIDWELL, Specially Concurring.

Although I concur in the result of this case, I am writing separately once again to address the confusion in the current law of standing in Idaho. *See Young v. City of Ketchum*, 137 Idaho 102, 44 P.3d 1157 (2002) (Kidwell, J., dissenting). My concern is that, in view of the recent holdings of this Court, particularly in *Selkirk–Priest Basin Assoc. v. State*, 128 Idaho 831, 919 P.2d 1032 (1996), *Van Valkenburgh v. Citizens For Term Limits*, 135 Idaho 121, 15 P.3d 1129 (2000), and *Young*, 137 Idaho 102, 44 P.3d 1157, one

could suggest that this Court simply applies the doctrine of standing as a matter of convenience, in a result-oriented manner. Therefore, although I agree that under the facts of this case the appellant does lack standing, I believe the appropriate course in the resolution of this case would be to revisit the recent decisions of this Court and return to the doctrine of standing as it stood prior to *Van Valkenburgh.*