# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 31794

| | | |
|---|---|---|
| IN RE: SRBA CASE NO. 39576 (SUBCASE 91-63) RE: OWNERSHIP OF WATER RIGHTS. | ) ) ) | |
| ---------------------------------------------------------- | ) | |
| GENE F. BRAY, THOMAS R. STUART, III, THOMAS J. CADE, AMY WILLIAMS, | ) ) ) | |
| | ) | |
| Appellants-Cross Respondents, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PIONEER IRRIGATION DISTRICT, SETTLERS IRRIGATION DISTRICT, | ) ) | Boise, May 2006 Term |
| | ) | |
| Respondents, | ) | 2007 Opinion No. 42 |
| | ) | |
| and | ) | Filed: March 9, 2007 |
| | ) | |
| NAMPA & MERIDIAN IRRIGATION DISTRICT, FARMERS COOPERATIVE DITCH COMPANY, BOISE VALLEY IRRIGATION DISTRICT, NEW DRY CREEK DITCH COMPANY, EUREKA WATER COMPANY, BALLENTYNE DITCH COMPANY, EAGLE ISLAND WATER USERS, THURMAN MILL DITCH COMPANY, SOUTH BOISE WATER COMPANY; FARMERS UNION DITCH COMPANY, CANYON COUNTY WATER COMPANY, MIDDLETON MILL DITCH COMPANY, MIDDLETON IRRIGATION ASSOCIATION; COMMITTEE OF NINE, TWIN FALLS CANAL COMPANY, NORTH SIDE CANAL COMPANY, A & B IRRIGATION DISTRICT, BURLEY IRRIGATION DISTRICT, FALLS IRRIGATION DISTRICT, ABERDEEN-SPRINGFIELD CANAL, FREMONT-MADISON IRRIGATION DISTRICT, PEOPLES CANAL & IRRIGATION, SNAKE RIVER VALLEY IRRIGATION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Stephen W. Kenyon, Clerk |

**IDAHO IRRIGATION DISTRICT, EGIN** )
**BENCH CANAL INCORPORATED,** )
**NORTH FREMONT CANAL SYSTEM,** )
**PROGRESSIVE IRRIGATION DISTRICT,** )
**ENTERPRISE IRRIGATION DISTRICT,** )
**NEW SWEDEN IRRIGATION DISTRICT,** )
**HARRISON CANAL & IRRIGATION,** )
**BURGESS CANAL & IRRIGATION, BOISE** )
**PROJECT BOARD OF CONTROL, NEW** )
**YORK IRRIGATION DISTRICT, WILDER** )
**IRRIGATION DISTRICT, BOISE-KUNA** )
**IRRIGATION DISTRICT, BIG BEND** )
**IRRIGATION DISTRICT,** )
       )
       **Respondents-Cross Appellants.** )

Appeal from the Snake River Basin Adjudication, District Court of the Fifth Judicial District of the State of Idaho, Twin Falls County. Honorable John M. Melanson, District Judge.

The decision of the district court is <u>remanded</u>.

Laurence "Laird" J. Lucas, Boise; Sara Denniston Eddie, Boise, attorneys for appellant. Laurence "Laird" J. Lucas argued.

Moffatt, Thomas, Barrett, Rock & Fields, Chartered, Boise, attorneys for respondents, Pioneer Irrigation District and Settlers Irrigation District. Scott L. Campbell argued.

Stoppello & Kiser, Boise, attorneys for respondents-cross appellants Farmers Union Ditch Company, Canyon County Water Company, Middleton Irrigation Association, and Middleton Mill Ditch Company. Jerry A. Kiser argued.

Ringert Clark Chartered, Boise, attorneys for respondents-cross appellants Ballentyne Ditch Company, Boise Valley Irrigation Ditch Co., Eagle Island Water Users Association, Eureka Water Co., Farmers Cooperative Ditch Co., Nampa & Meridian Irrigation District, New Dry Creek Ditch Company, South Boise Water Company and Thurman Mill Ditch Co.

Barker, Rosholt & Simpson LLP, Boise, attorneys for respondents-cross appellants Boise Project Board of Control, et al., and Committee of Nine, et al. Albert P. Barker argued.

---

SCHROEDER, Chief Justice.

This is a companion appeal to *United States of America v. Pioneer Irrigation Dist.,* No. 31790, slip op. (March 9, 2007).

## II.
## FACTUAL AND PROCEDURAL BACKGROUND

This case commenced when the United States Bureau of Reclamation (BOR or United States) filed water right claims for irrigation storage, irrigation from storage, and other storage rights from Arrowrock Dam and Reservoir, Lucky Peak Dam and Reservoir, and Anderson Ranch Dam and Reservoir (collectively Boise Project). These three projects were authorized and developed pursuant to the Reclamation Act of 1902 and its subsequent amendments. Several irrigation entities have contracts with the BOR for the storage and delivery of the project water and filed separate claims to the same water rights consistent with their respective uses. The appellants in this case, Bray, *et al*. describe themselves as "conservation-minded water users and water right claimants in the SRBA" who are "concerned that the Irrigation Entities are trying to sidestep their federal contracts by using the SRBA to obtain ownership of the Boise Project storage water rights."

The Idaho Department of Water Resources (IDWR) recommended the water rights be in the name of the BOR, and that the claims filed by the irrigation entities be disallowed. The irrigation entities filed several objections to IDWR's recommendations which have been resolved in *United States of America v. Pioneer Irrigation Dist.,* No. 31790.

As a companion case to *United States v. Pioneer Irrigation Dist.*, several of the arguments raised by the parties overlap, and the issues determined in *United States v. Pioneer Irrigation District*, control this case. There are some threshold issues that are not raised in *United States of America v. Pioneer Irrigation Dist*.

Bray, *et al*. argues the SRBA court lacked jurisdiction to decree the irrigation entities any equitable interest because jurisdiction of the SRBA court does not extend to addressing contractual disputes between users or other issues relevant to adjudication the elements of the water rights. *See In re: SRBA Fort Hall Water Users Assoc. v. U.S.*, 129 Idaho 39, 41-42, 921 P.2d 739, 741-42 (1996). However the SRBA court and this Court have determined that the right to use of the water is specifically derived from law and is not based exclusively on the contracts between the Bureau of Reclamation and the irrigation organizations. Bray, *et al*.'s assertion that the SRBA court cannot adjudicate contract disputes is not pertinent here. Further,

3

both the BOR and the irrigation entities filed claims to the same water rights with the SRBA court. All claims arising within the SRBA are within the exclusive jurisdiction of the SRBA. *Walker v. Big Lost Irr. Dist.*, 124 Idaho 78, 81, 856 P.2d 868, 871 (1993).

The Boise Project Control Board contends that Bray, *et al*. lack standing to participate in this matter since they have failed to show that any decision by this Court could affect their water rights, reasoning that Bray, *et al*. does "not point to any injury that is not shared alike by all citizens," as required under *Young v. City of Ketchum*, 137 Idaho 102, 106, 44 P.3d 1157, 1161 (2002). However, adjudication statutes define the standing requirements for the SRBA. *In re: SRBA, Fort Hall Water Users Assoc.*, 129 Idaho at 42, 921 P.2d at 742. Idaho Code § 42-1412 provides that any "claimant" can file an objection or response to a water right reported in the director's report. This Court agrees with the SRBA court that Bray, *et al*. have standing to pursue their claims.

Bray, *et al*. assert this Court should reject the irrigation entities' claims of ownership, claiming they are barred and estopped from claiming ownership pursuant to *Hillcrest Irr. Dist. v. Nampa & Meridian Irr. Dist*., 57 Idaho 403, 410-11, 66 P.2d 115, 118 (1937). However Bray, *et al*. do not set forth the elements of laches, estoppel or quasi-estoppel or provide an analysis of the elements, arguing that the Court need only compare this case to *Hillcrest Irr. Dist.* to reach the conclusion that the irrigation entities are estopped from now seeking ownership of the Boise Project water rights. Idaho Appellate Rule 35(a)(6) requires appellants' "argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." The Court declines to address these issues raised by Bray, *et al*. because they do not satisfy the requirements of this rule.

Bray, *et al*. argue that Arrowrock Reservoir was previously adjudicated to be held by the United States in the Bryan Decree, so the irrigation entities are barred by *res judicata* from challenging the validity of the previous decree. The SRBA court stated that its holding clarified existing law against which the water right holders were entitled to rely. This Court holds that there is no issue of *res judicata* in this case since the issue of the interests held by the irrigation entities has not been raised in prior proceedings.

### III.
### CONCLUSION

The issues determined in *United States of America v. Pioneer Irrigation Dist.,* No. 31790, control in this case. No issues raised in this case alter the result in that case. The irrigation entities are awarded costs.


Justices TROUT, EISMANN, BURDICK and JONES **CONCUR.**